IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA          :
                                  :
                                  :
v.                                :   CRIMINAL NO.
                                  :   CR 403-001
MEIER JASON BROWN                 :
                                  :
_____:

## MOTION FOR APPOINTMENT OF COUNSEL
## TO PURSUE POST-CONVICTION REMEDIES, AND
## MEMORANDUM OF LAW IN SUPPORT

COMES NOW defendant MEIER JASON BROWN, Petitioner in the above-styled action, and moves this Court pursuant to 21 U.S.C. §848(q) for an Order appointing attorney Mark Evan Olive, of Tallahassee, Florida, and Jeffrey L. Ertel and the Federal Defender Program, Inc., of Atlanta, Georgia, as counsel to pursue all available post-conviction remedies in the above-styled case. In support of same, Mr. Brown provides the following:

1. Petitioner was convicted and sentenced to death in this Court in 2003and the judgment was affirmed, *United States v. Brown*, 441 F.3d 1330 (11th Cir. 2006 ). Petitioner sought review in the United States Supreme Court which was denied January 22, 2007. *Brown v. United States*, __ U.S. __, 127 S.Ct. 1149 (2007).

2. Petitioner wishes to seek post-conviction relief under 28 U.S.C. § 2255.

This Court may appoint two (or more) counsel for these purposes. As is more fully set forth *infra*, Mr. Olive is a member of the Georgia Bar, the United States Court of Appeals for the Eleventh Circuit, and the United States District Court for the Northern District of Georgia, and has appeared *pro hac vice* in the Southern District on at least one prior occasion. Mr. Ertel is the Senior Litigation Attorney for the Federal Defender Program, Inc., of the Northern District of Georgia.[1] He was appointed, along with Don Samuel, Esq., on direct appeal. Petitioner wishes for Mr. Ertel to remain as co-counsel if the Court agrees,[2] and Mr. Ertel's continued appointment would provide both expertise and efficiency.[3] And because the Federal Defender Program will provide resources to co-counsel if appointed, it would lessen

---

[1]The Federal Defender Program, Inc., is a Community Defender Organization established in the Northern District of Georgia to represent indigent criminal defendants in federal proceedings. Since 1995, the Federal Defender Program, Inc., has also undertaken the representation of Georgia death sentenced defendants who are challenging their convictions and death sentences in federal post-conviction proceedings pursuant to 28 U.S.C. §2254.

[2]Mr. Ertel continues to have an ongoing attorney-client relationship with Mr. Brown, and he and Mr. Brown have discussed the status of his representation. Mr. Brown has indicated his desire to have Mr. Ertel continue acting as his counsel in this case.

[3]Because of his representation of Mr. Brown for the past two and one half years, Mr. Ertel is familiar with the underlying record in this case. Appointment of Mr. Ertel will thus avoid unnecessary duplication of efforts, as well as allow a more expeditious treatment of possible issues for adjudication in §2255 proceedings.

the need for this Court to order provision of resources under the CJA, other than attorney fees.[4]

## A. The Provisions of 28 U.S.C. § 848(q)

3. Applicable federal law requires the appointment of qualified counsel at this juncture in this case. In 1988 Congress enacted the Anti-Drug Abuse Act. *See* 21 U.S.C. §848. In general, the Act created a number of federal crimes involving drug trafficking, and provided for a federal death penalty in some cases.[5] Section 848(q)(4)(B) relates to the appointment of counsel (and related matters) in death penalty cases, including those arising from federal charges. That section required, *inter alia*, the appointment of "one or more" attorneys for indigent inmates seeking relief from their federal capital convictions and sentences of death in §2255

---

[4]Mr. Ertel and the Federal Defender office will have access to Defender resources, personnel, and training programs, and can call upon those resources to assist in developing and presenting his case to the Court.

[5]Although the law was clearly a federal criminal statute, because it related to drugs it was contained in Title 21 of the U.S. Code, dealing with food and drugs, rather than Title 18. Mr. Brown was sentenced to death under a later-enacted federal statute, 18 U.S.C. §3591 *et seq.*. The appointment of post-conviction counsel for §2255 and/or clemency proceedings in his case, however, is governed by 21 U.S.C. §848q(4)(B).

proceedings or in any other post-conviction proceedings, including clemency.[6] Mr. Brown is such an inmate. His indigent status was previously determined by this Court. *See* Docket Entries Nos. 3, 4, 6, & 9.

4. In *McFarland v. Scott*, 512 U.S. 849, 860 (1994), the Supreme Court addressed former 21 U.S.C. § 848(q)(9) and noted that it *"entitles* capital [postconviction petitioners] to a variety of expert and investigative services" and that these services "may be critical *in the preapplication phase* of a habeas corpus proceedings, when possible claims and their factual bases are researched and identified." *Id.*, 512 U.S. at 855 (emphasis added). Justice O'Connor, concurring in part and dissenting in part, also noted that "[f]or [investigative, expert, or related] services to be meaningful in the habeas context, they ... must be available prior to the

---

[6]The statute provides:

(B) In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with paragraphs (5), (6), (7), (8), and (9).

The provisions of 28 U.S.C. § 848(q) were moved to section 3599 of Title 18 of the United States Code as part of amendments to the code contained in the Patriot Improvement and Reauthorization Act of 2005, P.L. 109-177. 21 U.S.C. §848(q)(4)(B).

filing of the first federal habeas petition." *Id.*, 512 U.S. at 860. *See also Collins v. Byrd*, 510 U.S. 1185, 1185-88 (1994) (mem.) (Scalia, J., dissenting from denial of motion to vacate stay of execution) (describing order issued by 6th Circuit, which Supreme Court declined to vacate, directing district court, following Byrd's filing of capital habeas corpus petition, to hold petition in abeyance for 120 days to permit counsel to conduct additional investigation); *Patterson v. Johnson*, 2000 U.S. Dist. LEXIS 12694, at *5-*6 (N.D. Tex. Aug. 31, 2000) ("it makes little sense to force Patterson to first try to make a good faith claim of a constitutional violation before supplying him with the resources to investigate the claim's factual basis and validity [and] ... [t]his is especially true of a claim that may have been procedurally defaulted in the state post-conviction forum, for which Patterson must also allege and prove not just 'cause' for the procedural default, but 'prejudice' as well'"); *Coleman v. Vasquez*, 771 F. Supp. 300, 302-04 (N.D. Cal. 1991)(counsel needs to "conduct ... a preliminary [i.e., prefiling] factual investigation ... and ensure that all possible claims for relief have been uncovered and evaluated")("federal monies under section 848(q)(4)(B) ... [are] available to petitioner's counsel" prior to filing habeas corpus petition, including "review[ing] the record, conduct[ing] a preliminary factual investigation, and ensur[ing] that all possible claims for relief have been uncovered

and evaluated").[7]

### B. Qualifications of counsel

5. The 1988 law also contains specific provisions regarding qualifications of counsel, *ex parte* proceedings for funds for experts, investigators and other necessary services, and payment of counsel. In particular the law requires that appointed counsel have sufficient experience and expertise in the appropriate area of law.[8] Sub-section 848(q)(4)(B) specifically requires the appointment of "one or more" attorneys.

6. The federal Judicial Conference has promulgated guidelines regarding the

---

[7]As discussed *infra*, if appointed, the Federal Defender Program will provide the funding for experts and investigation. Mr. Olive, if appointed, would seek only attorney fees under the CJA and not fees for other services.

[8]In post-trial cases such as this, sub-section (6) provides:

> at least one attorney so appointed must have been admitted to practice in the court of appeals for not less than five years, and must have had not less than three years experience in the handling of appeals in that court in felony cases.

21 U.S.C. §848(q)(6). Sub-section (7) provides:

> With respect to paragraphs (5) and (6), the court, for good cause, may appoint another attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation.

*Id.*

provisions of §848(q) concerning the appointment of counsel in federal capital habeas corpus cases. *See generally* Guidelines for the Administration of the Criminal Justice Act. Those Guidelines specifically recommend that federal district courts in capital §2254 cases appoint two attorneys and pay them at a rate of between $75 and $125 per hour. *See* Guidelines §§6.01 & 6.02(B).[9] Thus the requested appointment of second counsel in this case is the recommended course of action in such cases. The Guidelines also strongly recommend that federal courts pay attorneys in these capital habeas corpus cases on an interim basis, due to the often lengthy nature of the entire process and the amount of work involved. *Id.* at 2.30(B) & §6.02(C).

7. Undersigned counsel is aware that the appointment of two expert capital defense attorneys is now routine in capital cases in §2254 and §2255 proceedings,[10] and the need for second counsel in this case is particularly crucial, owing to the relative geographic locations of the scene of the crime/trial, the defendant, and the

---

[9]This amount has been increased to a maximum of 163.00 per hour.

[10]As for §2255 capital cases, undersigned counsel recently spoke with the Federal Death Penalty Resource Counsel Project, and learned that in every federal capital case currently in §2255 proceedings (there are now eleven in addition to Mr. Brown's), the federal district courts have appointed two expert capital habeas attorneys. In §2254 cases, undersigned counsel, who has been appointed by federal judges throughout the country, is generally aware that the appointment of two expert attorneys is commonplace, including in those circumstances where one of the attorneys is employed at a federal defender office.

offices of undersigned counsel.

8.    Mark Olive is uniquely qualified to represent Mr. Brown in these proceedings.  Initially, Mr. Olive, hailing from Tallahassee, Florida, is close, geographically, to the district, and thereby a majority of the witnesses in the case. Further, Mr. Olive is uniquely qualified to represent Mr. Brown because of his vast experience in capital habeas corpus litigation.  He has specialized in all facets of capital representation since 1978.  He has represented death-sentenced persons in countless state post-conviction and federal habeas corpus proceedings in Alabama, California, Florida, Georgia, North Carolina, South Carolina, Tennessee, Texas, and Virginia.  He has argued, been counsel of record, co-counsel, and counsel for amici curiae in many capital cases in the United States Supreme Court.  Prior to entering private practice in Tallahassee, he served as director of the Virginia Capital Representation Resource Center, and the executive director of the Georgia Appellate Practice and Educational Resource Center, organizations which recruited and trained attorneys in the representation of death-sentenced inmates.  Before that, he served as director of the Volunteer Lawyers Resource Center, the nation's first capital representation resource center, in Tallahassee, Florida, beginning in 1985, and then became the litigation director of the State of Florida Capital Collateral Representative.  He was a professor at the University of Tennessee College of Law

from 1980 - 1982, the University of North Carolina School of Law from 1983-1985, and Florida State College of Law from 1992-1995. He has been an adjunct professor in courses addressing death penalty litigation at the University of North Carolina College of Law, the University of Alabama College of Law, Cornell University Law School, and Florida State University College of Law.

9. With respect to undersigned counsel's qualifications, since 1992 Mr. Ertel has been admitted to practice in the Eleventh Circuit Court of Appeals, and for the past eleven years has represented criminal defendants in appeals before the Circuit Court.[11] Thus, pursuant to the requirements of 28 U.S.C. §848q(6), it is clear he has the necessary experience and qualifications, coupled with his prior representation in the case, to ensure Mr. Brown receives the quality of counsel required by law, *see* 848(q)(7). After graduating *Magna Cum Laude* from the State University of New York at Buffalo School of Law School in 1992, Mr. Ertel counsel served as a staff attorney for the Georgia Appellate Practice and Educational Resource Center, a non-profit law office created to provide representation for capitally convicted habeas corpus petitioners in the state and federal courts of Georgia. Mr. Ertel remained in that employ until Congress eliminated federal funding for Resource Centers across

---

[11]Prior to being employed by the Federal Defender Program, Inc., Mr. Ertel was employed by the Georgia Resource Center where he regularly represented capital habeas corpus petitioners before state and federal courts.

the country.  At that time Mr. Ertel obtained employment with the Multi-County Public Defender's Office, a state-run law office created to offer representation to capitally charged criminal defendants in the state of Georgia at the trial and appellate levels.  Thereafter, in October of 1996, Mr. Ertel began employment with the Federal Defender Program, Inc., where he has represented both federally charged criminal defendants (both capital and non-capital) at the trial and appellate levels as well as capital habeas petitioners pursuing relief under 28 U.S.C. §2254.   In short, in addition to having represented Mr. Brown for over two years while on direct appeal, as a general matter undersigned counsel has extensive experience in the relevant area of law.  During the previous fifteen years of his practice counsel has represented numerous death row inmates at all levels of state and federal habeas corpus proceedings, in courts throughout the Fourth, Fifth, and Eleventh Circuits, and on at least one occasion, before the U.S. Supreme Court.  For all of these reasons, undersigned counsel qualifies under sub-section (7) of §848(q).

## Conclusion

Petitioner is entitled to appointed counsel in this case under applicable federal statute, 21 U.S.C. §848(q), and under governing federal case law, *see McFarland v. Scott, supra.*  For reasons of quality of representation, continuity of counsel, and basic efficiency, the appointment of Mr. Olive and Mr. Ertel is demonstrably

reasonable. For these reasons, undersigned counsel respectfully requests that this Court appoint Mark Evan Olive and Jeffrey L. Ertel in the above-styled case. A proposed Order is attached to this Motion, for the Court's convenience.

Dated, this the 16th day of May, 2007.

Respectfully submitted,

_____
Jeffrey L. Ertel
State Bar No. 249966
Federal Defender Program
100 Peachtree Suite NW, Suite 1700
Atlanta, Georgia 30303
(404) 688-7530
Fax: (404) 688-0768

_____
MARK EVAN OLIVE
Law Offices of Mark E. Olive
320 West Jefferson Street
Tallahassee, Florida
(850)224-0004

## CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of the foregoing has been served

upon counsel for Respondent, by electronic filing and by sending a copy of same via

U.S. mail to:

> Amy Lee Copeland, Esq.
> William Frentzen, Esq.
> Assistant United States Attorney
> P.O. Box 8970
> Savannah, Georgia 31412

Dated, this the 16th day of May, 2007.

## CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of the foregoing has been served

upon counsel for Respondent, by placing a copy of same in the United States Mail,

first class postage prepaid and addressed as follows:

> Amy Lee Copeland, Esq.
> William Frentzen, Esq.
> Assistant United States Attorney
> P.O. Box 8970
> Savannah, Georgia 31412

Dated, this the 16th day of May, 2007.