

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA

v.                    403CR001

MEIER JASON BROWN

## ORDER

## I. INTRODUCTION

After convicting Meier Jason Brown of robbing and murdering a federal employee within federal jurisdiction, a jury (and thus this Court) sentenced him to death. Doc. # 276, *aff'd*, *U.S. v. Brown*, 441 F.3d 1330 (11th Cir. 2006), *cert. denied*, 127 S.Ct. 1149 (2007). Brown, who is indigent, doc. # 9, now seeks appointment of two lawyers to assist him in filing a 28 U.S.C. § 2255 motion. Doc. # 327. The Government has filed no response.

## II. ANALYSIS

Brown cites 21 U.S.C. § 848(q), as "moved to" 18 U.S.C. § 3599,[1] in quest of two lawyers to assist him in litigating his contemplated § 2255 motion. Doc. # 327 at 1-4. Counsel on this motion represent

> that the appointment of two expert capital defense attorneys is now *routine* in capital cases in § 2254 and § 2255 proceedings, and the need for second counsel in this case is particularly crucial, owing to the relative geographic locations of the scene of the crime/trial, the defendant, and the offices of

undersigned counsel.

*Id.* at 7 (footnote omitted; emphasis added).

The Court has no independent confirmation of Brown's "routine" appointment claim. It can conclude, however, that "an indigent federal habeas corpus petitioner, seeking relief from a judgment punishable by death, has a mandatory statutory right to appointed counsel from the district court upon filing a motion requesting such appointment." *Arthur v. Allen*, 452 F.3d 1234, 1250 (11th Cir. 2006); *Johnson v. Gibson*, 169 F.3d 1239, 1253-54 (10th Cir. 1999) ("Although habeas petitioners have no independent Sixth Amendment right to counsel, they are afforded by statute, a mandatory right to qualified legal counsel and related services in any federal post conviction proceeding" (quotes, cites and alterations omitted)).[2]

At the same time, "18 U.S.C. § 3599 requires the appointment of only one counsel except upon good cause, and then only where the petition is seeking to vacate or set aside a death sentence." *McClure v. Maynard*, 2006 WL 1207907 at * 1 (D.S.C. 5/2/06) (unpublished). So one issue here is whether Brown has shown good cause.[3]

---

[1] In 2006, Congress repealed 21 U.S.C. § 848(q) (*see Michael v. Horn*, 459 F.3d 411, 416 n. 5 (3rd Cir. 2006); *see also Taylor v. Simpson*, 2007 WL 141052 at * 1 n. 1 E.D.Ky. 1/17/07) (unpublished)) and replaced it with 18 U.S.C. § 3599, which is part of the Federal Death Penalty Act (FDPA), 18 U.S.C. § 3591 *et seq.*

[2] Both of these courts applied 18 U.S.C. § 3599's predecessor, 21 U.S.C. § 848. However, the relevant subsections of both are virtually identical, and nothing in § 3599 alters the fundamental scope of the right to post-conviction counsel as articulated in *Arthur* and *Johnson*.

[3] Another is whether the proposed counsel are qualified under § 3599(c). Brown's motion relates the extensive experiential background of proposed counsel Mark E. Olive and Jeffrey L. Ertel. *Id.* at 8-10. Both appear in numerous capital cases. *See, e.g., Weeks v. Angelone*, 528

But there are a couple of administrative housekeeping items that the Court must first address. In *McFarland v. Scott*, 512 U.S. 849 (1994), the Court construed a capital-case litigant's statutory right to counsel to include the right to legal assistance *prior* to the filing of a formal habeas corpus petition. *Id.* at 855 ("In adopting § 848(q)(4)(B), Congress thus established a right to preapplication legal assistance for capital defendants in federal habeas corpus proceedings"). Nothing in § 3599 -- enacted post-*McFarland* -- gives this Court pause to question that holding now.

*McFarland* also held that a post conviction proceeding is *commenced* by the mere filing of a death row defendant's motion requesting the appointment of counsel for his federal habeas corpus proceeding. 512 U.S. at 856-57; *cf. Glassel v. Schriro*, 2007 WL 974107 at * 3 (D.Ariz. 4/2/07) (unpublished) (refusing to appoint counsel until 28 U.S.C. § 2254 petitioner first exhausted state court remedies, which included state court's appointment of counsel).

Brown, therefore, has just commenced his § 2255 proceeding.[4] The Clerk therefore shall

open a separate civil case, as is done in this Court for all of § 2255 motions, then transfer the instant motion and this Order into it and run parallel docket entries in this criminal case file. *See Glassel*, 2007 WL 974107 at * 1 n. 2.

Next, who are Brown's *current* lawyers? His trial lawyers were obligated to continue representing him, "[u]nless replaced by similarly qualified counsel ... throughout every subsequent stage of judicial proceedings ... and all available post-conviction process ... and proceedings for executive clemency as may be available to the defendant." 18 U.S.C. § 3599(e), reproduced *infra* n. 5; *see also* 21 U.S.C. § 848(q)(8) (repealed); *Glassel*, 2007 WL 974107 at * 1 n. 1.

But the Eleventh Circuit relieved them and appointed appellate counsel, doc. ## 305, 309; 4/15/04 entry ("Donald F. Samuel"). *Brown* shows that Samuel was joined on appeal by the same Jeffrey L. Ertel moving for appointment here. 441 F.3d at 1337. Ertel appeared in this Court during the appeal. Doc. # 306 at 4. Yet, nothing in *this* Court's record shows that Samuel and Ertel were relieved under § 3599(e).

In that sense, Brown's motion for *appointment* of counsel in reality can be said to be a motion to *substitute* counsel -- Olive for Samuel, thus discharging Samuel, *see U.S. v. Allen*, 2007 WL 107760 at * 1 n. 1 E.D.Mo. 1/8/07) (unpublished) -- unless § 3599 mechanically discharges appellate counsel once direct appeals are exhausted (Brown does not argue this).

In any event, "Ertel is the Senior Litigation Attorney for the Federal Public Defender

---

U.S. 225, 226 (2000) (Olive); *In re Conklin*, 16 F.3d 1281, 1282 (11th Cir. 2005) (Olive); *Jefferson v. Terry*, ___ F.Supp.2d ___, 2007 WL 1687263 at * 1 (N.D.Ga. 5/10/07) (Ertel). The Court finds that they are capital-case qualified under 18 U.S.C. § 3599(c).

[4] However, this may not fix the date of his § 2255 filing for other purposes. *Williams v. Cain*, 125 F.3d 269, 273-74 (5th Cir. 1997) (death row inmate's habeas corpus case was not "pending" as of effective date of Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), and case was thus subject to revised standard of review under AEDPA, though inmate filed motions for stay of execution, to proceed in forma pauperis, and for appointment of counsel before effective date, where actual habeas petition was not filed until after effective date);

*Moseley v. French*, 961 F.Supp. 889, 893 (M.D.N.C.1997) ("Nor is the limitation period tolled because of petitioner's motion for court appointed counsel"), *rev'd on other grounds sub nom., Taylor v. Lee*, 186 F.3d 557 (4th Cir. 1999).

Program, Inc. of the Northern District of Georgia," doc. # 327 at 2, so it appears that only Olive seeks compensation. *Id.* at 6 n. 7. Meanwhile, even if § 3599 does not "auto-discharge" appellate counsel, the Court agrees with Brown that, through § 3599, Congress requires post-appellate (hence, collateral litigation) appointment (or re-appointment) by the district court in order to authorize compensation for legal and related services for the collateral-litigation phase of a capital case.

The Court thus is left with the "good cause" requirement for appointing two attorneys, as opposed to one, under 18 U.S.C. § 3599(d).[5]

---

[5] 18 U.S.C. § 3599 (a)(2) provides:

> (2) In any post conviction proceeding under section 2254 or 2255 of Title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one *or more* attorneys and the furnishing of such other services in accordance with subsections (b) through (f).

18 U.S.C. § 3599(a)(2) (emphasis added). 18 U.S.C. § 3599(b) is not relevant here because it applies to appointment of counsel "before judgment," which this Court construes to mean before judgment following *trial* in a capital case. 18 U.S.C. § 3599(c), in contrast, provides:

> (c) If the appointment is made after judgment, at least one attorney so appointed must have been admitted to practice in the court of appeals for not less than five years, and must have had not less than three years experience in the handling of appeals in that court in felony cases.

*See McClure*, 2006 WL 1207907 at * 1. Brown's motion more or less assumes that, because he faces execution and his proposed counsel are not practicing near his place of incarceration, that alone supplies good cause. *See* doc. # 327 at 6 n. 8 (omitting mention of the "good cause" requirement, other than to quote the now-repealed 21 U.S.C. § 848(q)(7)); *id.* at 7-8.[6] To

---

*Id.* emphasis added). And 18 U.S.C. § 3599(d) provides that

> [w]ith respect to subsections (b) and (c), the court, *for good cause*, may appoint *another* attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation.

18 U.S.C. § 3599(a)(2)(d). Finally, 18 U.S.C. § 3599(e) provides:

> Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

18 U.S.C. § 3599(e).

[6] With the exception of a cosmetic change, 21 U.S.C. § 848(q)(7) is identical to 18 U.S.C. § 3599(d):

that end, he cites no case defining good cause under § 3599 or its predecessor, § 848(q)(7).[7]

Note, too, that § 3599, as part of the FDPA, *only* applies in capital cases and thus is applied only in cases where the death penalty is sought. That presents an interpretational problem. Mindful of § 3599(a)(2)'s reference to a § 2255 movant's entitlement to "one or more attorneys ... in accordance with subsections (b) through (f)," § 3599(b) - (d) provide:

(b) If the appointment is made *before* [a possible death penalty] judgment, at least one attorney so appointed must have been admitted to practice in the court in which the

prosecution is to be tried for not less than five years, and must have had not less than three years experience in the actual trial of felony prosecutions in that court.

(c) If the appointment is made *after* [a death penalty] judgment, at least one attorney so appointed must have been admitted to practice in the court of appeals for not less than five years, and must have had not less than three years experience in the handling of appeals in that court in felony cases.

(d) With respect to subsections (b) and (c), the court, *for good cause*, may appoint *another attorney* whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the *possible* penalty and to the unique and complex nature of the litigation.

18 U.S.C. § 3599(b) - (d) (emphasis added).

While Brown cites the now repealed 21 U.S.C. § 848(q) provisions, doc. # 327 at 6-7, his motion (once his statutory citations are updated) essentially turns on § 3599(a)(2) and § 3599(d). He does not read § 3599(d) merely as a mechanism for appointing "another attorney" if a first attorney falls short of § 3599(c)'s experience requirement. *See Lindsey*, 875 F.2d at 1507 n. 3 (dicta interpreting § 848(q)(7), now § 3599(d): "[t]he use of the words 'another attorney' suggests that the court may appoint an attorney in lieu of one meeting the statutory requirements, rather than an attorney in addition to one meeting the standards"). Rather, he reads it as authorizing a second lawyer even if a first meets § 3599(c)'s requirements, doc. # 327 at 6-7 (again, both Olive and Ertel easily meet them), then intimates that the mere fact of his penalty (death) plus geographic distance between counsel

---

(7) With respect to paragraphs (5) and (6) [now (b) and (c) of § 3599], the court, for good cause, may appoint another attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation.

21 U.S.C. § 848(q)(7) (repealed) and reconstituted as 18 U.S.C. §3599(c); *see also In re Lindsey*, 875 F.2d 1502, 1507 n. 3 (11th Cir. 1989).

[7] The Court's own research has uncovered one court that found good cause to replace two lawyers with two new lawyers, but it limited its "good cause" finding to simply noting the reasons why the first two lawyers could no longer continue, and thus needed to be replaced with two new counsel. *Tucker v. Moore*, 1999 WL 482393 at * 1 (D.S.C. 6/28/99) (unpublished). That court never did provide a reason why there existed good cause to appoint *two* lawyers in the first place. *See also Roach v. Cockrell*, 2002 WL 32159584 at * 1 (N.D.Tex. 5/13/02) (unpublished) (applying 21 U.S.C. § 848(q)(7) to appoint the *one* lawyer that the federal habeas petitioner there requested, and applying the statute's "good cause" requirement to appoint that attorney "[e]ven if the precise qualifications contemplated by 21 U.S.C. § 848(q)(5) have not been met....").

4

and client supplies § 3599(d)'s good cause to appoint "another" (Olive, not just Ertel) attorney. Doc. # 327 at 7-8 ¶ 7.

This Court finds no statutory or case law support to find "good cause" merely by noting the fact that the death penalty has been imposed and a geographic impediment exists. Were that the case, two-counsel appointment would be pretty much automatic in every capital case (rarely do capital defense lawyers park their offices next to penitentiaries), and much of § 3599 would be sheer surplus.

As noted earlier, however, the Court has detected an interpretational problem with § 3599(d). For starters, it is part of the FDPA, so it will *only* be applied in death penalty cases. But since *every* FDPA prosecution will pursue the death penalty, death will *always* be a *possible* penalty, or in fact the pending penalty. Thus, if a death-sentenced defendant must show good cause for an additional attorney under § 3599(d) (hence, in the post-judgment, post-conviction phase of his case), and the seriousness of the possible penalty is a "due consideration" in whether good cause is shown, good cause will *always* be shown because the "seriousness of the possible penalty" will always be at its apex -- death -- when § 3599(d) is applied.

Given this, there are two possible interpretations of "good cause," both of which render a portion of subsection (d) superfluous. The Court could decide that good cause is shown whenever death is on the line because of the "seriousness of the possible penalty." This interpretation would render the entire subsection superfluous because it could simply read "a death-sentenced, § 3599(d)-movant always gets another attorney." In the alternative, the Court could decide that good cause requires both a

high "seriousness of the possible penalty," and a "unique and complex" case. But by this interpretation the Court would not consider the "seriousness of the possible penalty" at all; in all cases death would be on the line, so the only consideration would be whether the case is "unique and complex."

The Court adopts the latter reading for the simple reason that it renders less of the statute superfluous.[8] Thus, to show entitlement to an additional attorney, a defendant must show § 3559(d) good cause, which turns on whether the case is "unique and complex."

Is this case "unique and complex"? Brown's brief makes no such showing. Until he does, his motion for the appointment of *two* lawyers thus is denied. The Court is aware, as Brown points out (doc. # 327 at 6-7), of the federal *Guidelines for the Administration of the Criminal Justice Act and Related Statutes*, Guide to Judiciary Policies and Procedures, Chpt. VI § 6.01(2) (2007), which contemplates the "complex, demanding and protracted nature of death penalty proceedings" to support consideration of additional counsel:

---

[8] The Court

> must "assume that Congress used the words in a statute as they are commonly and ordinarily understood, and we read the statute to give full effect to each of its provisions." *U.S. v. DBB, Inc.*, 180 F.3d 1277, 1281 (11th Cir.1999). A statute "ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." *U.S. v. Ballinger*, 395 F.3d 1218, 1236 (11th Cir.2005) (citation omitted)....

*Edmonds v. Levine*, 417 F.Supp.2d 1323, 1336-37 S.D.Fla. 2006); *see also Safeco Ins. Co. of America v. Burr*, 127 S.Ct. 2201, 2210 (2007).

**(2) Habeas Corpus Proceedings.** Pursuant to 21 U.S.C. § 848(q)(4) [now 18 U.S.C. § 3599(a)(1)], a financially eligible person seeking to vacate or set aside a death sentence in proceedings under 28 U.S.C. § 2254 or 2255 is entitled to appointment of one or more qualified attorneys. Due to the complex, demanding and protracted nature of death penalty proceedings, judicial officers should consider appointing *at least* two counsel.

*Id.* § 6.01(A)(2), http://jnet .ao.dcn /Guide/Volume_7/Section_A/Chapter_6.html# 601 (site visited 6/18/07) (emphasis added). However, § 6.01(2) more or less presumes that two counsel should be the pre-set minimum ("*at least* two counsel"), while § 3599(d), read *in pari materia* with § 3599(a)(2)'s "*one* or more attorneys" clause, requires good cause to supply the § 2255 movant with "another" (meaning, a second) attorney, if not more, but not "at *least* two" from the get-go. What Congress expressly directs (*i.e.*, courts should start with one attorney, then add another upon good cause, then another beyond that upon additional good cause, etc.), should control here.

In that Ertel meets § 3599(c)'s requirements, the Court appoints him to represent Brown in developing and litigating his § 2255 motion.[9] But it denies the rest of Brown's motion without prejudice to renew it to show good cause to also appoint Olive. Counsel may switch, however, if they so choose (*i.e.*, Ertel may exit in favor of Olive, upon prompt notice to this Court).

---

[9] By the analysis above, Ertel is already in this case, but he does not confirm this, *see* doc. # 327 at 2, and sometimes the Eleventh Circuit's "ministerial" rulings (there may be one that discharged him) don't always get transmitted to this Court. At most his formal appointment here, then, is a harmless redundancy.

## III. <u>CONCLUSION</u>

The Court **GRANTS** in part and **DENIES** in part defendant Meier Jason Brown's unopposed motion for appointment of counsel. Doc. # 327. Donald F. Samuel is discharged from this case and Jeffrey L. Ertel remains Brown's counsel, as formally appointed here under 18 U.S.C. § 3599(c). Finally, the Clerk is directed to open a new civil file as described above.

This ⟋⟋ day of June, 2007.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA