**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

**UNITED STATES OF AMERICA**

v.                              403CR001
                                407CV085

**MEIER JASON BROWN**

### ORDER

After convicting Meier Jason Brown of robbing and murdering a federal employee within federal jurisdiction, a jury (and thus this Court) sentenced him to death. Doc. # 276, *aff'd*, *U.S. v. Brown*, 441 F.3d 1330 (11th Cir. 2006), *cert. denied*, 127 S.Ct. 1149 (2007). Brown, who is indigent, successfully moved this Court for appointment of counsel to assist him in filing a 28 U.S.C. § 2255 motion. 403CR001, doc. ## 327, 328.

Counsel just filed Brown's § 2255 motion. 407CV085. Doc. # 8. It cites an affidavit from the trial jury's foreman, Bruce Little. *See, e.g., id.* at 10 n. 2; doc. # 9-2 at 16. Little relates his belief that, had he been provided certain information, he would have voted for a life sentence for Brown. Doc. # 9-2 at (docket screen page) 21. He attests that he voluntarily agreed to meet and speak with Brown's representatives. *Id.* Little also evidently provided them with the notes he made during trial. Doc. # 8 at 95 n. 32; doc. # 9-9 at 44; *see also* 403CR001, doc. # 271 at 5 (note-taking by the jury is permitted at trial in this district).

That, in turn, compels the Court to question whether counsel violated S.D.GA.LOC.R. 83.8, which in pertinent part states:

No party, attorney, or other person shall, *without Court approval*, make or attempt any communication relating to any feature of the trial of any case with any regular or alternate juror who has served in such case,

whether or not the case was concluded by verdict.

(Emphasis added). The rule[1] is designed to, among other things, ensure jurors' post-verdict privacy, if not safety.[2] *See U.S. v. Giraldi*, 858 F. Supp. 85, 86 (S.D. Tex. 1994), cited in *Com. v. Silva*, 864 N.E.2d 1, 5 (Mass. 2007), and in D. Weinstein, *Protecting a Juror's Right to Privacy: Constitutional Constraints and Policy Options*, 70 TEMP.L.REV. 1, 39 n. 274 (Spring 1997).

Of course, it matters not that a given juror did not mind being contacted, as evidently is the case here. What matters is that jurors in this case were contacted *at all* without Court approval. And while it's conceivable that Little contacted Brown's counsel on his own, that seems unlikely. More likely is that counsel, directly or through a surrogate, contacted Little as well as other jury members. Yet, there is no evidence of

---

[1] It is part of this Court's local *civil* rules but the preamble to the Court's local *criminal* rules reminds that "[t]hese Local Rules for the Administration of Criminal Cases are supplemental in nature, and are to be construed consistently with the generally applicable Local [Civil] Rules...." *See* online "LOCAL RULES FOR THE ADMINISTRATION OF CRIMINAL CASES" at 1. http://www.gas.uscourts.gov/lr/lcrimr1.htm. (site as of 2/4/08).

[2] As one encyclopedic source summarizes:

> Jurors have postverdict privacy rights. The court bears the burden of preventing substantial threats to the administration of justice and preserving jurors' entitlement to privacy and protection against harassment even after trial, and its power to prevent harassment of jurors does not end upon the termination of the case. It may protect jurors against harassment, not only from journalists, but also from those interested in the criminal network from which the convictions emanated.

50A C.J.S. JURIES § 511 (*Matters subsequent to trial or discharge of jury*) (Dec. 2007) (footnotes omitted).

the prior Court approval required by Rule 83.8.

Brown's counsel, admitted *pro hac vice* (407CV085, doc. # 7) is charged with knowledge of this Court's rules. If attorney Jeffrey L. Ertel knowingly and willfully violated Rule 83.8, then he is subject to criminal contempt. *See, e.g., U.S. v. Bernardine*, 237 F.3d 1279, 1282 (11th Cir. 2001).

The Court therefore refers this matter to the U.S. Attorney for 18 U.S.C. § 401(3)[3] and 18 U.S.C. § 402 criminal prosecution purposes,[4] specifically for obstructing the administration of justice. *Cf. U.S. v. Warlick*, 742 F.2d 113, 117

(4th Cir. 1984) (contempt sanctions arising from pretrial contact with jurors); *U.S. v. Kozel*, 908 F.2d 205, 208 (7th Cir. 1990) (Government prosecuted attorney for criminal contempt arising from violation of local court rule authorizing contempt finding against person who exercised the privileges of a member of the bar of the court prior to admission; upholding the conviction, the Seventh Circuit noted that the rule was sufficiently specific to inform a reasonable person that entering an appearance without having joined the district bar was conduct covered and forbidden by the rule).

This _4_ day of February, 2008.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] 18 U.S.C. § 401 provides in its entirety that

> [a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as--
>
> (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
>
> (2) Misbehavior of any of its officers in their official transactions;
>
> (3) Disobedience or resistance to its lawful writ, process, order, *rule*, decree, or command.

(Emphasis added). "A local rule is the equivalent of a standing order of the district court, *Jones v. Central Bank*, 161 F.3d 311, 313 (5th Cir.1998); and a standing order is an order for § 401(3) purposes. *Seymour v. United States*, 373 F.2d 629, 631 (5th Cir.1967)." *U.S. v. Herrera*, 2001 WL 422627 at * 3 (5th Cir. 2001) (unpublished).

[4] *See In re U.S.*, 398 F.3d 615, 618 (7th Cir. 2005) ("In the rare situations when a prima facie case of criminal contempt has been made out, and the contempt is not committed in the judge's presence (and thus amenable to summary disposition), the judge *must* turn the matter over to a prosecutor rather than assume an inquisitorial role inappropriate to the Judicial Branch") (emphasis added); *accord Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1243 (11th Cir. 2007).