UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MEIER JASON BROWN

v.                    407CV085
                      403CR001

UNITED STATES OF AMERICA

## ORDER

After convicting Meier Jason Brown of robbing and murdering a federal employee within federal jurisdiction, a jury (and thus this Court) sentenced him to death. Doc. # 276, *aff'd, U.S. v. Brown*, 441 F.3d 1330 (11th Cir. 2006), *cert. denied*, 127 S.Ct. 1149 (2007).

Brown has since filed a § 2255 motion. 407CV085, doc. # 8. It's 121 pages long, and is accompanied by copious exhibits, doc. # 9, which have since been corrected. Doc. ## 12-43. He also moves for a briefing schedule, plus leave to file: a brief, a "traverse," a discovery motion, and an evidentiary-hearing motion. Doc. # 45 at 1-3. The Government opposes Brown's motion. Doc. # 46. It would like Brown to file one comprehensive brief supporting his claims, then respond to it 90 days later. *Id.* at 3.

The Court has been this way before. In *Blankenship v. Terry*, 2007 WL 4404972 (S.D.Ga. 12/13/07) (unpublished), this Court also digested a humongous habeas filing in a capital case, and it managed the flow of that case by, *inter alia*, waiving (for briefs) the Court's Local Rule, page-limitation requirements and illuminating the Court's liberal reply brief policy. It then directed the parties to say everything they have to say in comprehensive *briefs. Id.* at * 2.

The Court will do the same thing here, where it is obligated to address Brown's claims in plenary, not summary, fashion. *See Jernigan v.*

*U.S.*, 180 Fed.Appx. 56, 58 (11th Cir. 2006) (§ 2254 courts must resolve all constitutional claims presented in a § 2254 petition, and "the principles developed in [§ 2254] habeas cases also apply to § 2255 motions") (quotes and cite omitted); *Blankenship*, 2007 WL 4404972 at * 4 n. 13 (*citing Smith v. Secretary, Dept. of Corrections*, 2007 WL 763980 at * 2 (11th Cir. 3/15/07) (unpublished) (remanding to district court to resolve IAC claim "on the merits")).

Contrary to what the Government requests, Brown is entitled to know which of his § 2255 claims are actually opposed by the Government. Typically the Government opposes all such claims, but it may raise procedural defenses to some, substantive defenses to others, and combinations of both to the rest. Brown is entitled to know, as § 2255 Rule 5 contemplates.

Therefore, the Government shall file an "answer or response" (as directed by doc. # 10 at 1) to Brown's § 2255 motion,[1] but Brown (within 60 days thereafter), must file a comprehensive brief, in full compliance with this Court's local civil rules,[2] showing: (1) why he

---

[1] In light of Brown's "corrected" filings, the Court extends the Government's current 2/25/08 deadline by 15 days. The Government shall note the requirements of § 2255 Rule 5(b) ("Contents").

[2] *See* S.D.GA.LOC.R. 7.1(b) ("Every factual assertion in a motion, response, or brief shall be supported by a citation to the pertinent page in the existing record or in any affidavit, discovery material, or other evidence filed with the motion"). The Court will not hunt for support of what anyone represents to it, and will deem abandoned unsupported arguments.

Where a reply brief is contemplated, a party should invoke S.D.GA.LOC.R. 7.6: "A party intending to file a reply brief shall immediately so notify the Clerk and shall serve and file the reply within eleven (11) calendar days of service of the opposing party's last brief."

That rule, however, is for the Court's convenience; it lets the Court know that a brief is on the way, but the Court in its discretion may nevertheless choose to issue an Order

should prevail over all procedural and substantive defenses raised by the Government; and (2) why he should prevail on *the merits* of his own § 2255 claims.

In that regard, there is no need for Brown to file a separate "traverse" document because he can oppose whatever the Government has to say in his response *brief*. For example, he can address any jury-selection-defect claim on the merits and *then* explain why such claim is not waived, procedurally defaulted, etc. Or, vice-versa. The point is that it simply burdens the Court to spread arguments over two different documents; a "traverse" is obsolete.

The Government shall respond in kind to Brown's comprehensive brief. Because "[w]hat's sauce for the goose is sauce for the gander," *In Re Six*, 80 F.3d 452, 457 (11th Cir. 1996), it may also take up to 60 days following service of Brown's brief on it. After that, the "parties may file as many reply briefs as they want," *Podger v. Gulfstream Aerospace Corp.*, 212 F.R.D. 609, 609 (S.D.Ga. 2003), subject to the "sudden death" rule illuminated *supra* n. 2. That way, no one will be able to complain that they did not have a chance to say what they have to say in this case.

Brown also moves for leave to file discovery and evidentiary-hearing motions. Doc. # 45 at 2. He of course is free to file such motions, but he obviously must support them. Pursuant to § 2255 Rule 6(a), he may engage in discovery only upon a showing of good cause. Rule 6(a); *Phelps v. U.S.*, 2007 WL 2109244 at * 10

---

at any time after the initial response brief. So while parties do not have to ask permission to file a reply brief, the time to say what they want to say is in the opening set of briefs, and they proceed beyond that with "sudden death" knowledge (*i.e.*, a ruling may issue at any time).

(E.D.Tn. 7/18/07) (unpublished). Good cause can be shown where specific allegations support reason to believe that he may, if the facts are fully developed, be able to demonstrate that he is entitled to relief. *U.S. v. Roane*, 378 F.3d 382, 402 (4th Cir. 2004).

A different standard applies to evidentiary hearings. *See, e.g., Brown v. U.S.*, 2008 WL 244435 at * 4 (6th Cir. 1/29/08) (unpublished); *Nichols v. U.S.*, 2008 WL 216084 at * 2 (8th Cir. 1/28/08) (unpublished). In fact, in this case ineffective assistance of counsel claims are raised, *see, e.g.*, doc. # 8 at 6-7, and the Eleventh Circuit has specifically illuminated the evidentiary-hearing standard within that very context:

> An evidentiary hearing must be held on a motion to vacate "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also Anderson v. United States*, 948 F.2d 704, 706 (11th Cir.1991) (holding that, unless the record is adequate to show conclusively that the movant's contentions are without merit, the district court must conduct a hearing). On review, the court "must accept all of the petitioner's alleged facts as true and determine whether the petitioner has set forth a valid claim." *Diaz v. United States*, 930 F.2d 832, 834 (11th Cir.1991) (quotation omitted). However, "on habeas a federal district court need not conduct an evidentiary hearing if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel."

*Paez-Ortiz v. U.S.*, 200 Fed.Appx. 946, 948 (11th

Cir. 2006).[3]

Of course, bald assertions and conclusory allegations have no place here, *see Mayberry v. Petsock*, 821 F.2d 179, 185 (3d Cir. 1987) ("Just as bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing ... neither do they provide a basis for imposing upon the state the burden of responding in discovery to every habeas petitioner who chooses to seek such discovery"), *cited in U.S. v. Lopez*, 2007 WL 3196626 at * 6 (E.D.Pa. 10/30/07) (unpublished), so Brown must focus on *fully* supporting his claims and motions. *See supra* n. 2; S.D.GA.LOC.R. 7.1(b).

To summarize: The Government shall file a § 2255 Rule 5(b) response by 3/12/08. Brown shall then file a comprehensive brief and any motions by 5/12/08, and the Government shall respond by 7/11/08. There will be *no* extensions.

Accordingly, Meier Jason Brown's "Motion for Permission to File Memorandum (Etc.)" (doc. # 45) is ***GRANTED*** in part and ***DENIED*** in part.

This __12__ day of February, 2008.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] Evidently for comity reasons, this is a more lenient standard than is the case with similar motions under § 2254. *Teti v. Bender*, 507 F.3d 50, 61 n. 4 (1st Cir. 2007).