UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION


MEIER JASON BROWN,                )
                                  )
          Petitioner,             )
                                  )
vs.                               )        No. CV407-085
                                  )        Underlying CR403-001
UNITED STATES OF AMERICA,         )
                                  )
          Respondent.             )


**GOVERNMENT'S INITIAL RESPONSE
TO BROWN'S MOTION PURSUANT TO 28 U.S.C. §2255**


COMES NOW the United States of America, by and through Edmund A.

Booth, Jr., United States Attorney for the Southern District of Georgia, and

pursuant to §2255 Rule 5(b), responds to Meier Jason Brown's 28 U.S.C. §2255

motion.

**Jurisdiction [Doc 8-Pg 1]**

The government agrees that the Court has jurisdiction over Brown's §2255

motion.  As contemplated by Rule 5(b), the government states that Brown has not

filed any prior post-conviction motions.

1

**Procedural history [Doc 8-Pgs 2-5]**

The government agrees with Brown's recitation of the procedural history,

except that Brown's paragraph 7 is inaccurate: The penalty phase of the trial began

on November 6, 2003, not November 6, 2004.

As Brown notes [¶15], the Supreme Court denied his petition for writ of

certiorari on January 22, 2007.  See Brown v. United States, ___ U.S. ___, 127 S.

Ct. 1149 (2007).  Brown filed his counseled §2255 motion with the clerk on

January 22, 2008.  Because his motion was filed within one year of the date of the

denial of his cert. petition, Brown's motion is timely.  See Drury v. United States,

507 F.3d 1295, 1296 (11th Cir. 2007)(stating that conviction becomes final, and

one year limitation period of §2255 ¶(6)(1) begins, when Supreme Court denies

cert. or issues decision on the merits).

**Claims for Relief [Doc 8-Pgs 5-120]**

The government denies that Brown is entitled to relief on his claims for the

reasons set forth below and for the reasons stated in the government's responsive

brief due on July 11, 2008. [Doc 49-Pg 3] The government opposes all of Brown's

claims.  As will be demonstrated below, many of these claims have been litigated

by Brown on direct appeal, which prevents their resurrection in these collateral

proceedings.  To support its claims that many of these issues have been litigated

on direct appeal, the government attaches to its response the initial brief filed by Brown (Exhibit A), its responsive brief (Exhibit B), and Brown's reply brief (Exhibit C). The Eleventh Circuit opinion resolving Brown's direct appeal is reported at United States v. Brown, 441 F.3d 1330 (11th Cir. 2006).

The remaining claims have been procedurally defaulted, which requires Brown to show cause and prejudice to overcome that default. In responding to those claims, the government will necessarily engage in a substantive analysis, most often to demonstrate why Brown cannot show prejudice to overcome the procedural default or to demonstrate ineffective assistance of counsel.

Finally, in its discussion of Brown's claims in this motion, the government reproduces the headings used by Brown for convenience and identification purposes – not because the government agrees with Brown's framing of the issues.

**1. Counsel unreasonably and prejudicially addressed the issue of the local prosecutors' agreement that this ought not to be a death penalty case. [Doc 8-Pgs 6-9]**

This claim concerns the timing of trial counsel's disclosure to the jury that Brown offered to plead guilty in exchange for a life sentence. Because Brown did not raise this claim on direct appeal, it has been procedurally defaulted. See generally United States v. Frady, 456 U.S. 152, 168 (1982)(requiring showing of cause and actual prejudice to excuse procedural default). Although constitutionally

ineffective assistance of counsel can constitute cause to overcome a procedural

default, see Holladay v. Haley, 209 F.3d 1243, 1254 (11th Cir. 2000),  Brown

cannot overcome the presumption that his counsel's trial strategy was sound.

See Strickland v. Washington, 466 U.S. 668, 689 (1984).  Brown's attempt to

impeach the verdict with an affidavit from a juror is improper.  Cf. United States v.

Venske, 296 F.3d 1284, 1291-92 (11th Cir. 2002); United States v. Griek, 920

F.2d 840, 843-844 (11th Cir. 1991); cf. also Tanner v. United States, 483 U.S.

107, 126 (1986); McDonald v. Pless, 238 U.S. 264, 267 (1915).

**2.  Counsel unreasonably and prejudicially addressed the issue of the victim's husband's (and other family members') agreement with a sentence of life in this case. [Doc 8-Pgs 10-14]**

This claim alleges that trial counsel "ineffectively and prejudicially failed to

argue appropriately that the victim's survivor's position on the appropriate

sentence was life in prison." [Doc 8-Pg 11] On direct appeal, Brown argued that

the government withheld evidence in violation of Brady v. Maryland, 373 U.S. 83

(1963), that the husband of Sallie Gaglia, the victim, was opposed to the

imposition of the death penalty.  United States v. Brown, 441 F.3d 1330, 1350

(11th Cir. 2006).   The Eleventh Circuit rejected this claim, finding in part that the

prohibition in Booth v. Maryland, 482 U.S. 496 (1987), prohibited "evidence of

family members' opinion and characterizations of the crime, the defendant, and

the appropriate sentence." Brown, 441 F.3d at 1351.  Indeed, this result was true even if a family member's opinion would have been offered in opposition to the death penalty.  Id. at 1351, n. 4.  Brown's current claim rehashes the argument resolved against him on direct appeal.  Brown may not relitigate it on collateral attack.  See United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000)(refusing to revisit Nyhuis' immunity claim raised on direct appeal but repackaged as a due process claim on collateral attack since a "rejected claim does not merit rehearing on a different, but previously available, legal theory").

To the extent that Brown believes that trial counsel should have called upon Gaglia's family to provide mitigating evidence [Doc 8-Pgs 11-14], similar testimony came in through defense witnesses, as described in the opinion on direct appeal.  Brown, 441 F.3d at 1364 (mentioning 14 defense witnesses' description of "deplorable conditions under which Brown was raised" and cataloging some of those conditions).  This portion of Brown's claim has either been litigated against him on direct appeal; is subject to procedural default; or is free of constitutionally ineffective representation.  Finally, Brown again improperly attempts to impeach the jury's verdict with an affidavit from a juror. [Doc 8-Pg 11, n. 3]

**3.  Counsel unreasonably and prejudicially addressed Detective Woodall's conclusion as a seasoned detective that, from the evidence and Meier Brown's history, the victim's death was not planned, and that Woodall agreed with the local prosecutors that life in prison was the appropriate punishment. [Doc 8-Pgs 14-18]**

This claim alleges that the trial counsel should have handled differently the sentencing phase testimony of Detective Woodall.  This ground was not raised on direct appeal, so it has been procedurally defaulted.  Brown cannot show cause or prejudice, or to that end, ineffective assistance of counsel.  His trial attorneys made strategic decisions, and the "new" information provided by Detective Woodall was covered largely in his sentencing testimony.  Brown also cannot impeach the jury's verdict with the affidavit of a juror.   [Doc 8-Pg 18, n. 7]

**4.  Defense counsel unreasonably and prejudicially failed to conduct the diligent investigation into Meier Brown's background and social history the Fifth, Sixth, and Eighth Amendments require. [Doc 8-Pgs 19-58]**

This claim challenges the extent of the evidence presented in mitigation at sentencing by trial counsel.  On direct appeal, the Eleventh Circuit analyzed the character of the mitigation evidence in the context of Brown's claims that this Court should have provided funds for two additional experts.  Brown, 441 F.3d at 1364.  As to the forensic social worker sought by Brown, the Eleventh Circuit found that the record contradicted Brown's argument that he could not "present coherent testimony relating to the background, upbringing, and social context of

6

his life." Id. Similarly, the Eleventh Circuit upheld the denial of Brown's request for a future dangerousness expert: "The district court found that Brown could present lay testimony to establish that he would not be a danger to society if sentenced to a life term, and that is exactly what happened at trial." Id. at 1364-65. To the extent that the Eleventh Circuit's opinion encompasses Brown's current claims, he cannot relitigate them on collateral attack.

Alternatively, if these claims have not been relitigated, Brown cannot show cause and prejudice to overcome the procedural default or ineffective assistance of counsel to excuse that default. Defense counsel introduced most, if not all, of the evidence now cited by Brown in the mitigation case. See Brown, 441 F.3d at 1343 (summarizing the testimony of Brown's 14 mitigation witnesses).

**5. Defense counsel unreasonably and prejudicially failed to present expert mental health testimony and records, in violation of the Fifth, Sixth, and Eighth Amendments. [Doc 8-Pgs 58-69]**

This claim alleges in part that defense counsel failed to utilize appropriately an appointed mental health expert. [Doc 8-Pgs 58-64] Since this claim was not raised on direct appeal, it has been procedurally defaulted, and Brown cannot demonstrate ineffective assistance of counsel as cause to excuse that default.

Brown also asserts that the Court improperly denied his request for a future dangerousness expert due to trial counsel's ineffective assistance in that regard.

[Doc 8-Pgs 64-68] Again, this issue (or an iteration of it) was litigated – and resolved – on direct appeal. Brown, 441 F.3d at 1364-65. As found by the Eleventh Circuit, "[t]he district court found that Brown could present lay testimony to establish that he would not be a danger to society if sentenced to a life term, and that is exactly what happened at trial." Id. at 1364. The Eleventh Circuit also rejected the notion that this type of testimony had to be presented by an expert, and "in light of the ample lay testimony presented on this topic, and the ease with which the jury could understand it, the district court did not abuse its discretion in denying funds for a future dangerousness expert." Id. at 1365.

## 6. The prosecutors committed misconduct in violation of the Fifth and Eighth Amendments. [Doc 8-Pgs 70-73]

This claim asserts that the government disclosed 13 days before trial a report about Brown that it had prepared to rebut Brown's mitigation case at sentencing. It also challenges the prosecutor's closing argument. Brown did not raise these claims on direct appeal, so they have been procedurally defaulted. He cannot show cause and prejudice to overcome that default. The government denies, too, that it committed any prosecutorial misconduct.

**7.  This Court and the government violated petitioner's Fifth, Sixth, and Eighth Amendment rights by not disclosing the government's mental health expert's report. [Doc 8-Pgs 73-74]**

This claim asserts that the government failed to disclose a report about the mental examination of Brown done by Sally Johnson, M.D., at FCI Butner. Brown did not raise this claim on direct appeal, so it has been procedurally defaulted.  Brown cannot show cause and prejudice to overcome that default, particularly since the procedure complied with Fed. R. Crim. P. 12.2(c)(2).

**8.  The death penalty is imposed in an arbitrary and discriminatory manner under the Federal Death Penalty Act (FDPA). [Doc 8-Pgs 74-76]**

This claim contends that the Attorney General improperly sought the death penalty against Brown, a black man convicted of murdering a white woman, and that Brown received inadequate resources from this Court to prepare and present his defense.  The Eleventh Circuit resolved Brown's claim of inadequate expert funding against him on direct appeal, see Brown, 441 F.3d at 1364-65; it rejected his challenge to the constitutionality of the FDPA generally, Id. at 1365-68; and it affirmed the inadmissibility of the position on the death penalty by some "relevant actors in Georgia," Id. at 1350-51.  He cannot relitigate these claims on collateral attack.  Otherwise, Brown's claim has been procedurally defaulted, and he cannot demonstrate cause or prejudice to overcome that default.

**9.  Other instances of ineffective assistance of counsel. [Doc 8-Pgs 76-101]**

This claim serves as a laundry list of alleged instances – detailed in 34 numbered paragraphs – of alleged ineffective representation by trial counsel.  To the extent that Brown did not raise these claims on direct appeal, they have been procedurally defaulted, and Brown cannot show cause and prejudice to overcome that default.  Relative to that inquiry, he cannot demonstrate both deficient performance and prejudice to show ineffective assistance of counsel – particularly with regard to claims about his conviction, where the evidence against him (including his confession) was overwhelming.

Certain specific paragraphs require more response.  Paragraph 2 challenges a photo array, an issue resolved against Brown on direct appeal.  Brown, 441 F.3d at 1349-50.  Paragraphs 12-14 concern whether Brown was in custody when he first confessed to the officers, and he asserts that trial counsel should have called his girlfriend, Diane, to testify.  The Eleventh Circuit found that Brown was not in custody when interviewed by the officers at Diane's house.  Brown, 441 F.3d at 1343-49.  Even if defense counsel did not call Diane to testify at a pretrial suppression hearing, the Eleventh Circuit could nonetheless consider trial testimony (including Diane's) in its review of the suppression motion.  See United States v. Newsome, 475 F.3d 1221, 1224 (11th Cir. 2007)(allowing review of

10

entire record, including trial testimony, in reviewing denial of suppression motion).

In paragraphs 16-21, Brown identifies certain issues that his trial counsel did not preserve and that the Eleventh Circuit reviewed for plain error. As for DFACS records (¶17), the Eleventh Circuit found that it was without jurisdiction to review the magistrate judge's order absent an appeal to district court, but it noted that the magistrate judge's in camera inspection indicated that these files "'contain no information relevant to defendant's case'" and never referenced Brown's name. Brown, 441 F.3d at 1354.

As for Brown's claim about his motion to prevent death qualification voir dire [¶18], the Eleventh Circuit did find that it was "without power to consider this argument" absent an appeal to the district court. Brown, 441 F.3d at 1353. Brown omits the next sentence of the opinion: "Nevertheless, even if the issue were properly presented to us, we would readily reject the argument on its merits." Id. The Eleventh Circuit ultimately concluded that "Brown's claim must fail; the district court properly death-qualified the jury before the guilt phase of trial." Id.

Brown's argument about his motion for bifurcated voir dire [¶19] similarly falters. The Eleventh Circuit found again that this motion had not been presented to the district court, but it noted that the government "appears to concede that this

issue was properly preserved." <u>Brown</u>, 441 F.3d at 1353.  It then analyzed the merits of Brown's claim and found that "even if the question were properly presented, we would be constrained to reject it."  <u>Id</u>. at 1354.

Brown also challenges how this Court conducted questioning during voir dire [¶20], which the Eleventh Circuit also resolved against him on direct appeal. Although the Court noted the plain error standard of review, it concluded "[t]here was no error, plain or otherwise," in this Court's questions.  <u>Id</u>. at 1354-56.  The Eleventh Circuit also concluded that "even if there were plain error," this Court "explicitly corrected the purported error" in its final instructions to the jury.  <u>Id</u>. at 1355-56.

Brown contests this statement to Juror Brewer: "Now, you understand that the defendant has entered a plea of guilty." [¶21] While the Eleventh Circuit analyzed this claim for plain error, it also said, "[W]e have some difficulty believing so obvious and egregious an error would have occurred without immediate objection from both the defendant and the government."  <u>Brown</u>, 441 F.3d at 1358.  Absent an objection, the Eleventh Circuit chalked up this statement to a transcription error.  <u>Id</u>.

Finally, in paragraph 33, Brown cursorily lists 33 instances of ineffective assistance of counsel.  Bare assertions, devoid of factual support, are insufficient

for Brown to obtain relief under §2255.  See Caderno v. United States, 256 F.3d 1213, 1217 (11th Cir. 2001), citing Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991)(petitioner unentitled to habeas relief when claims raised are merely "'conclusory allegations unsupported by specifics'" (cit. omitted)); see also United States v. Jones, 614 F.2d 80, 82 (5th Cir. 1980)(wholly conclusory claim unsupported by factual allegations or proof is without merit and may be denied without hearing); Ward v. United States, 486 F.2d 305, 306 (5th Cir. 1973)(upholding district court's denial of relief under section 2255 since petitioner failed to set forth specific facts in support of his conclusory claims); Rodriguez v. United States, 473 F.2d 1042, 1043 (5th Cir. 1973)(no hearing required where petitioner alleged no facts to establish truth of claims beyond bare conclusory allegations).

**10.  The government suppressed information favorable to the defense in violation of the Fifth, Sixth, and Eighth Amendments to the Constitution. [Doc 8-Pgs 102-103]**

This claim concerns the government's failure to disclose a draft of an affidavit for a search warrant – a draft that contained "a series of handwritten notations" that contained "a paragraph directly relevant to mitigation – life in the deplorable conditions [Brown] was raised." [Doc 8-Pg 102] Irrespective of whether this alleged non-disclosure was actionable, Brown cannot show cause or

prejudice to overcome this procedural default: There was no doubt about "the deplorable conditions under which Brown was raised." Brown, 441 F.3d at 1364.

**11.  Mr. Brown's convictions and death sentences were imposed based upon unreliable DNA evidence in violation of the Fifth, Sixth, and Eighth Amendments to the United States Constitution.**

This claim is based upon the state of Illinois' subsequent decision to cancel its contract with Bode Laboratories, the laboratory that performed DNA testing in this case.  Brown cannot show cause and prejudice to overcome this procedural default, and within this showing, he cannot demonstrate ineffective assistance of counsel premised on his trial attorney's failure to see problems with Bode two years after the trial.

**12.  Petitioner's convictions and death sentence were unconstitutionally obtained as a result of an unreliable coerced confession in violation of Miranda v. Arizona, and the Fifth, Sixth, and Eighth Amendments to the United States Constitution, and counsel ineffectively presented this issue. [Doc 8-Pgs 105-114]**

This claim concerns the confession made by Brown at the home of his girlfriend, Diane.  The Eleventh Circuit resolved it against him on direct appeal. See Brown, 441 F.3d at 1344-49.  He cannot relitigate it at this juncture.  In paragraph 20 of this claim, Brown asserts that "the Circuit Court pointed out that trial counsel never asked the district court to reconsider its earlier decision in light of [Diane's] testimony at trial."  The government cannot find any language in the

14

Eleventh Circuit's decision to this effect.

**13.  Petitioner's convictions and death sentence were imposed based upon unreliable eyewitness identifications in violation of the Fifth, Sixth, and Eighth Amendments to the United States Constitution. [Doc 8-Pgs 114-115]**

This claim asserts that Kania and Bowen, two government witnesses, made unreliable identifications and never affirmatively identified Brown as the person they saw around the post office.  The Eleventh Circuit resolved this issue on direct appeal in the context of the lack of an evidentiary hearing about these identifications.  Brown, 441 F.3d at 1349-50.  After finding that this Court did not abuse its discretion by not holding a hearing, the Eleventh Circuit agreed with the government's harmless error argument:

> At trial, two witnesses [Kania and Bowen] testified that they saw Brown at the Post Office and selected him from a photo lineup. Those witnesses were effectively cross-examined regarding their identifications, one telling the jury that Brown was 'the closest resemblance' to the man he saw at the Post Office and the other stating that although he was not one hundred percent sure, he thought Brown was the person he observed.  Given the overwhelming evidence of Brown's guilt, including Brown's confession, the recovered money orders, and the DNA samples of the victim's blood found on his jacket, any conceivable errors related to the two identifications were harmless because 'there is no reasonable probability that the evidence complained of might have contributed to the conviction.' . . . .

Brown, 441 F.3d at 1350.  Brown cannot relitigate this issue on collateral attack.

15

**14.  Petitioner was deprived of his right to be present at all proceedings in violation of the Fifth, Sixth, and Eighth Amendments to the United States Constitution. [Doc 8-Pgs 115-116]**

This claim maintains that Brown was not present at critical stages of the proceedings, which violated his constitutional rights.  Brown did not raise this claim previously, so it has been procedurally defaulted.  Brown cannot show cause and prejudice to overcome this default.  He is entitled to no relief.

**15.  The manner in which the government would carry out petitioner's execution violates the Eighth Amendment. [Doc 8-Pgs 117-118]**

Brown is correct that Hill v. McDonough, 547 U.S. 573, 126 S. Ct. 2096 (2006), permits an inmate to challenge the circumstances of his confinement, including a proposed execution method, under 42 U.S.C. §1983.

**16.  Petitioner was denied his rights to due process, equal protection, and a reliable capital sentencing proceeding when juror Dorothy Rentz was seated with the trial court or counsel exploring her attitudes on the death penalty in violation of the Fifth, Sixth, and Eighth Amendments to the Constitution. [Doc 8-Pgs 118-119]**

This claim concerns the lack of transcription of the voir dire of Dorothy Rentz, who was seated as a juror.  This claim presents a factual dispute.  Brown suggests that the Court did not individually voir dire Rentz, but the government submits that the Court did question her, although the exchange was not transcribed.

**17.  Petitioner was denied his right to meaningful appellate review because of an incomplete record compiled by the district court in violation of the Fifth, Sixth, and Eighth Amendments to the Constitution. [Doc 8-Pgs 119-120]**

This claim asserts that the record was incomplete because the peremptory strike process was not recorded and because the Rentz voir dire also was not recorded.  According to Brown, this deprived him of effective appellate review.

Although Brown sought to raise other alleged omissions from the record on appeal, see Brown, 441 F.3d at 1372-74, he did not raise the issue of the peremptory strike process, and he failed to pursue the Rentz voir dire.  These claims have been procedurally defaulted, and Brown cannot show cause and prejudice.

## CONCLUSION

For these reasons, Meier Jason Brown is not entitled to relief on his 28 U.S.C. §2255 motion, and the Court should not vacate his conviction or sentence. Additionally, Brown has not demonstrated good cause to warrant discovery under §2255 Rule 6.  Cf. Isaacs v. Head, 300 F.3d 1232, 1248 (11th Cir. 2002)(analyzing §2254 Rule 6, noting that habeas litigant not entitled to discovery as a matter of course, and stating that court should allow discovery "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief'").

Respectfully submitted this ___ day of March, 2008.


EDMUND A. BOOTH, JR.
UNITED STATES ATTORNEY

s/Amy Lee Copeland

Amy Lee Copeland
Georgia Bar No. 186730
Assistant United States Attorney


U. S. Attorney's Office
100 Bull Street, Suite 201
Savannah, Georgia 31401
(912) 652-4422

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have on this day served all the parties in this case in accordance

with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in

this Court.

This 12th day of March, 2008.

EDMUND A. BOOTH, JR.
UNITED STATES ATTORNEY

s/ Amy Lee Copeland

Amy Lee Copeland
Assistant United States Attorney
Georgia Bar No. 186730
100 Bull Street
Savannah, GA 31401
(912) 652-4422