IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| MEIER JASON BROWN | : | CIVIL ACTION NO. |
| Petitioner, | : | No. 4-07-CV-85(BAE)(GRS) |
| | : | |
| vs. | : | CRIMINAL ACTION NO. |
| | : | 4:03-CR-00001-BAE-1 |
| UNITED STATES OF AMERICA | : | |
| Respondent. | : | CAPITAL HABEAS CORPUS |
| | : | |

MOTION FOR EVIDENTIARY HEARING AND/OR
TO EXPAND THE RECORD

Comes now, MEIER JASON BROWN, Petitioner in the above-styled

action, by and through undersigned counsel and hereby moves this Court to

conduct an Evidentiary Hearing, and/or to Order Expansion of the Record under

Rule 7, Rules Governing Section 2255 Proceedings, and for cause shows as

follows:

(1)

On January 6, 2003, a Grand Jury sitting in the Southern District of Georgia

retuned a three count indictment charging Mr. Brown with: "unlawfully kill[ing]

Sallie Louise Gaglia [with malice aforethought]... in the knowing and willful

perpetration of a robbery" in violation of 18 U.S.C. 7(3) and 1111 (a) and (b)

(Count I); with malice aforethought ... killing Sallie Louise Gaglia, ... an employee

of the United States ... while she was engaged in the performance of her official duties" in violation of 18 U.S.C. 1114 and 1111(a) (Count II); and assault on "Sallie Louise Gaglia, a person having lawful charge, custody and control of the United States Mail matter ..." in violation of 18 U.S.C. 2114(a) (Count III). Also contained in the Indictment were certain Special Findings that made the case capital.

(2)

Approximately 11 months, on November 6, 2003 after the Indictment was returned, Mr. Brown was tried, convicted and sentenced to death after a three day trial.

(3)

Thereafter, on April 15, 2004, trial counsel, William Bell and Richard Darden were permitted to withdraw and undersigned counsel along with Donald Samuel were appointed to represent Petitioner on direct appeal.

(4)

On March 13, 2006, the Eleventh Circuit affirmed Mr. Brown's convictions and sentences. *United States v. Brown*, 441 F.3d 1330 (11th Cir. 2006).

(5)

A timely filed Motion for Rehearing and Suggestion for Rehearing *En Banc*

was denied on May 19, 2006. *United States v. Brown,* 180 Fed.Appx. 147 (11th

Cir. 2006).

(6)

A timely filed Petition for Writ of Certiorari was denied on January 22,

2007. *Brown v. United States*, 127 S.Ct. 1149 (2007), and a Petition for

Rehearing was denied on March 19, 2007. *Brown v. United States*, 127 S.Ct. 1870

(2007).

(7)

On January 22, 2008, Mr. Brown timely filed a Motion to Vacate or Set

Aside Made Pursuant to 28 U.S.C. §2255. Doc # 8.

(8)

On February 11, 2008, Petitioner filed a MOTION for Leave to File

Memorandum of Authorities in Support of Motion to Vacate or Set Aside Made

Pursuant to 28 U.S.C. 2255, to File Other Pleadings, and Request for Scheduling

Order. Doc. # 45.

(9)

This Court granted in part and denied in part said Motion and directed the

Government to file its 2252 Rule 5(b) Response on or before March 12, 2008, and

that Mr. Brown should submit his "comprehensive brief" and "any motions"

(specifically mentioned by the Court were Motion for Discovery and Motion for Evidentiary Hearing) by May 12, 2008.  Doc. # 49.

(10)

On March 12, 2008, the Government filed its Response and conceded Mr. Brown's Motion to Vacate or Set Aside was timely filed, but raised a number of defenses, both procedural and on the merits, to each of the Constitutional violations alleged in Mr. Brown's Motion to Vacate or Set Aside.  Doc. # 50. However, for most if not all of the claims raised in the §2255 motion, the Government has not denied any of the facts alleged by Petitioner.  Attached to this Motion, and proffered in support of Petitioner's request for an evidentiary hearing, are affidavits, copies of affidavits, and one draft affidavit.  However, as with the allegations in the original §2255 motion and Appendices, the Government may not dispute the facts contained in the Appendices this motion.  If that is the case, then simple record expansion is requested.  This would eliminate the need for an evidentiary hearing on many of Petitioner's claims.

(11)

Pursuant to this Court's Order of February 12, 2008, Mr. Brown herein respectfully requests that this Court conduct an evidentiary hearing on the contested facts (if there are any) presented in his Motion to Vacate or Set Aside

4

Made Pursuant to 28 U.S.C. §2255, and/or enter an order expanding the record to include the attached.

ARGUMENT AND AUTHORITY

When a prisoner files a Motion to Vacate or Set Aside, an evidentiary hearing must be granted "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. §2255, *Aron v. United States*, 291 F.3d 708, 714-25 (11th Cir. 2002).  Thus, where a "petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim."  *Id. See also, Riley v. United* States, 244 Fed. Appx. 1000, 1001 (11th Cir. 2007); *Ramirez v. United States,* 2007 WL 4455383 (11th Cir. 2007) ("Ramirez is entitled to an evidentiary hearing on her ineffective assistance claim if she alleges facts which, if proven, would entitle her to relief."); *Holmes v. United States,* 876 F.2d 1545, 1552 (11th Cir.1989);  *Slicker v. Wainwright,* 809 F.2d 768, 770 (11th Cir.1987);  *United States v. Yizar*, 956 F.2d 230, 234 (11th Cir.1992); *Humphrey v. United States,* 888 F.2d 1546, 1550 (11th Cir. 1989); *Gordon v. United States*, 496 F.3d 1270, 1281 (11th Cir. 2007) ("An evidentiary hearing is not required [only] when the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.").  Although "the burden is on the

5

petitioner in a habeas case" to establish his right to a hearing, that burden is "relatively light . . . and is significantly lower than his burden to show he is entitled to §2255 relief." *Valentine v. United States*, 488 F.3d 325, 333-34 (6th Cir. 2007), *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999).

ADDITIONAL PROFFER

Petitioner contends that the §2255 motion and supporting Appendices, the Government's Response, and the Brief filed this date warrant an evidentiary hearing. In addition, Petitioner files herewith the following attachments in support of his request for an evidentiary hearing (and/or record expansion):

1. Affidavit of William Bell;

2. Affidavit of Detective Woodall;

3. Affidavit of Sara Flynn;

4. Affidavit of Richard Darden;

5. Draft affidavit of Bobbye Gerard (unsigned);

6. Affidavit of Marlyne K. Israelian, Ph.D., clinical psychologist, and Bhushan S. Agharkar, M.D.;

7. Affidavit of James Aiken;

8. Affidavit of Sally Ann Cunningham Johnson, M.D.;

9. Copy of Declaration of Kevin McNally dated December 5, 2007;

10.  Copy of Declaration of Kevin McNally dated December 20, 2007.[1]

CONCLUSION

Wherefore, Petitioner respectfully requests that this Court order an evidentiary hearing and/or enter an order expanding the record.

Dated, this the 12th day of May, 2008.

Respectfully submitted,

*s/Jeffrey L. Ertel*
JEFFREY L. ERTEL
State Bar No. 249966

FEDERAL DEFENDER PROGRAM, INC.
100 Peachtree Street
Suite 1700
Atlanta, Georgia 30303
(404) 688-7530
jeff_ertel@fd.org

ATTORNEY FOR MR. BROWN

---

[1]Appendices 9 and 10 are photocopies of declarations filed in other cases.

CERTIFICATE OF SERVICE

I, hereby certify that this pleading has been electronically filed and served upon counsel for the Government and in addition, a true and correct copy of the foregoing has been served upon counsel for the Government by placing a copy of same in the United States Mail, first class postage prepaid and addressed as follows:

Amy Lee Copeland, Esq.
Assistant United States Attorney
P.O. Box 8970
Savannah, Georgia 31412

Dated, this the 12th day of May, 2008.

*s/Jeffrey L. Ertel*