# APPENDIX  4

COUNTY OF CHATHAM

STATE OF GEORGIA

## AFFIDAVIT

Comes the undersigned, Richard Darden, and after being properly sworn deposeth and says as follows, to-wit:

1. I am over the age of 18 and competent to make this affidavit.

2. I am an attorney in private practice in Savannah, Georgia. I was appointed to represent Jason Meier Brown in 2003 after he was indicted for the murder of Sallie Louise Gaglia. William Bell was appointed as co-counsel.

3. Within nine days of being appointed in this case I had worked out a plea bargain. The local United States Attorney's Office, members of the victim's family, and the state prosecutor in Liberty County (Mr. Tom Durden) all agreed that this case should be settled with a sentence of life without the possibility of parole in return for a guilty plea in federal court. Mr. Brown also agreed. That agreement was prepared and presented to the Department of Justice, but ultimately then Attorney General Ashcroft refused to allow this resolution and insisted that the United States seek the death penalty.

4. We hired Laura Blankman to be our mitigation investigator. We told her before she agreed to participate that the Court would approve $7,500.00, that the Court was not going to approve any more than that, and that the trial would

happen relatively quickly. Ms. Blankman agreed to these conditions. She promised to conduct a complete social history and background investigation of Mr. Brown, and to arrange for Mr. Brown's psychological/psychiatric evaluation for purposes of mitigation and sentencing.

5. Ms. Blankman did nothing she promised. She failed to perform any of here assigned tasks. She literally left us in the lurch.

6. We received funds for Dr. Maish to evaluate Mr. Brown for competency and sanity, but not for purposes of mitigation. Dr. Maish saw Mr. Brown one time early in the case for thirty or forty minutes and did not administer tests or attempt to diagnose Mr. Brown.

7. It was understood that the Court was not going to provide much in the way of funds for experts and investigators and that the case was going to go to trial very quickly. Very little money was provided, and the case went to trial fast.

8. I have reviewed a report from Dr. Sally Johnson from Butner FCI. She was the mental health expert who did the court appointed mental health examination of Mr. Brown for the Government. This report was never disclosed to the defense. Had we known about her report at the time of sentencing we would have either used her testimony or sought the assistance of our own expert. Her testimony shows that the prison classification and mental health experts believed that Mr. Brown was not a person who would be dangerous in the future in a prison

setting.

9. Shortly before trial we received from the Government a report compiled by the Postal Service regarding the offense and Mr. Brown's background and social history. Because it was provided late we were not able to use the information that was in it effectively. We did not ask for a continuance after receiving the report because we knew that the judge would not continue the case.

Further affiant sayeth not.

RICHARD DARDEN

Sworn to me this the
9 day of May, 2008.

NOTARY PUBLIC

My commission expires:

March 20, 2012