**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| **MEIER JASON BROWN,** | ) | **CV407-85** |
| | ) | **CR403-1** |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### GOVERNMENT'S RESPONSE TO BROWN'S MOTION FOR EVIDENTIARY HEARING AND TO EXPAND THE RECORD

COMES NOW the United States of America, by and through Edmund A. Booth, Jr., United States Attorney for the Southern District of Georgia, and responds to Meier Jason Brown's motion for evidentiary hearing and/or to expand the record.  [CV Doc 53]  Brown has filed a 28 U.S.C. §2255 motion raising numerous challenges to his  trial, convictions, and death sentence, including claims of ineffective assistance of counsel.  [See CV Docs 8, 50-51]  In his instant motion, Brown seeks leave of Court to conduct an evidentiary hearing and/or to expand the record under 2255 Rule 7.  [Mot-Pg 1]

As acknowledged in its comprehensive brief, the government believes that the Court should hold an evidentiary hearing on a single issue: whether it

conducted voir dire of juror Dorothy Rentz.   The government believes that the Court subjected Rentz to voir dire, and a trial prosecutor's notes made during jury selection confirm this fact.  For the reasons stated in its comprehensive brief, the government believes that Brown's other claims present no factual dispute warranting an evidentiary hearing.

Brown seeks to expand the record with ten itemized affidavits and declarations. [Mot-Pgs 6-7] The government has addressed the information contained in these affidavits and declarations in its merits brief, but it objects to the inclusion of an affidavit and two declarations in the record.  First, Brown has submitted for inclusion in the record a "Draft affidavit of Bobbye Gerard (unsigned)." [Mot-Pg 6] The government has been informed that Gerard has no intention of signing that affidavit, so the Court should strike it and not consider it in its resolution of this case.

Second, Brown has submitted for inclusion in the record a copy of the declaration of Kevin McNally dated December 5, 2007, and a copy of the declaration of Kevin McNally dated December 20, 2007. [Mot-Pgs 6-7] These documents were prepared for use in another case; the latter document states that the affiant was "asked by counsel for Damion Hardy to provide information to the Court. . . ." [Mot-App 10 at Pg 2] The documents also are unsigned, although the

December 5 declaration does reflect "/s/ Kevin McNally." [Mot-App 9 at Pg 3] As with the Gerard affidavit, the government asks the Court to strike these declarations and not consider them in its resolution of the case.

Respectfully submitted this 10th day of July, 2008.

EDMUND A. BOOTH, JR.
UNITED STATES ATTORNEY


BY:   s/ Amy Lee Copeland
      Amy Lee Copeland
      Assistant United States Attorney
      Georgia Bar No. 186730
      United States Attorney's Office
      Post Office Box 8970
      Savannah, GA  31412
      (912) 652-4422

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 10th day of July, 2008.

EDMUND A. BOOTH, JR.
UNITED STATES ATTORNEY


BY:    s/ Amy Lee Copeland
       Amy Lee Copeland
       Assistant United States Attorney
       Georgia Bar No. 186730
       United States Attorney's Office
       Post Office Box 8970
       Savannah, GA  31412
       (912) 652-4422