UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION


UNITED STATES OF AMERICA     .

                             .

            vs.              .  CR 403-001

                             .

MEIER JASON BROWN            .  Savannah, Georgia

                             .  November 7, 2003

                               Volume V of V


TRANSCRIPT OF JURY TRIAL

BEFORE THE HONORABLE B. AVANT EDENFIELD

UNITED STATES DISTRICT JUDGE


Court Reporter:     Lora H. Carter
                    Official Court Reporter
                    United States District Court
                    P. O. Box 8552
                    Savannah, Georgia 31412
                    Tel.  912-650-4065


*Proceedings reported by stenotype; transcript produced by computer-aided transcription.*

A P P E A R A N C E S:


FOR THE GOVERNMENT:

      WILL FRENTZEN
      JOSEPH NEWMAN
      AUSA
      P. O. Box 8970
      Savannah, GA 31412


FOR DEFENDANT:

      RICHARD DARDEN
      219 W. York Street
      Savannah, GA 31412


      WILLIAM BELL
      420 W. Broughton Street
      Savannah, GA 31412

[NOTE:  Jury reconvenes to continue deliberations at 8:30 A.M. ]

[*NOTE :   At 9:25 a.m. the Court receives a note from the jury.  Counsel and Court meet in chambers. Colloquy as follows:]*

THE COURT:  Good morning.

MR. DARDEN:  Good morning, Your Honor.

THE COURT:  I got a message from the jury.  Pass it over.  They want the aerial map of Fleming.  Is there one in evidence?

MR. BELL:  No, it was not entered.

MR. DARDEN:  It was not entered.

MR. NEWMAN:  We have no objection to it.

THE COURT:  Well, go out there and get it, and let's see.  Somebody used one; didn't they?

MR. FRENTZEN:  It was a demonstrative.

THE COURT:  Bring it here, Wayne, and let's look at it.

Okay, does anyone have any objection to that? Who prepared it?

MR. DARDEN:  We did.

MR. BELL:  We did.

THE COURT:  Does the government have any objection to it?

MR. NEWMAN:  No objection.

THE COURT:  Well, it seems innocuous enough.  So may we admit it as a Court's exhibit, a government's exhibit or a defendant's exhibit?

MR. NEWMAN:  On a joint motion to reopen.

THE COURT:  Okay.

MR. DARDEN:  We can mark it.  We have no objection.  It was used throughout the trial.

THE COURT:  Well, I will take that as a joint motion, and the Court will designate that as exhibit whatever, Mr. Clerk.

CLERK:  Court's Exhibit No. 1.

THE COURT:  Yes, that is fine.  Wayne, take it to them.

*[NOTE :   At 9:45 a.m. the Court receives a second note from the jury.  Counsel and Court meet in chambers.  Colloquy as follows:]*

THE COURT:  I guess you saw that last note.

MR. DARDEN:  Yes, sir.  Yes, sir.

THE COURT:  And you saw it.

MR. NEWMAN:  Yes, sir.

THE COURT:  Here is my proposal.  They have asked the Court to define -- Wayne, what does it say? Read it.

CLERK:  *Need Court's definition of violence.*

THE COURT:  You know the law defines knowingly

and willfully, and willingly.   But I do not know of any statutory definition of violence.

MR. BELL:  Our position is --

MR. DARDEN:  We have no objection to paragraph one.   We do object to paragraph two.

MR. NEWMAN:  May we see it?

MR. FRENTZEN:  We have no objection to this in its totality.

THE COURT:  I will note the defendant's objection to the defendant's objection to the second paragraph wherein I say *one dictionary defines it as unjust or unwanted use of force.*

I think that is the language you object to.

MR. DARDEN:  Yes, sir, it is.

THE COURT:  And I go on again, *however you should give it its common usage definition.*

I will sign this and date it, the 7th.

MR. NEWMAN:  It is 9:45, Judge.

THE COURT:  Okay.  Wayne, take it to them.

CLERK:  Yes, sir.

*[NOTE:  Jury continues deliberations.]*

THE COURT:  I'm told that we have a verdict.

[NOTE:  Jury returned:   Court opened by the Marshal.]

THE COURT:  Good morning, ladies and gentlemen.

JUROR:  Good morning, Your Honor.

THE COURT:  Mr. Little, are you the foreman of the jury?

JUROR:  Yes, sir.

THE COURT:  Has the jury arrived at a verdict in this case?

JUROR:  Yes.

THE COURT:  Would you deliver it to the marshal?

*[NOTE:  Verdict delivered to the Court.]*

THE COURT:  Mr. Clerk, it is going to take you a few minutes.  Now, you need to read out everything.

CLERK:  Yes, sir.

*In the United States District Court for the Southern District of Georgia, Savannah Division.  In the matter of the United States of America versus Meier Jason Brown, Criminal Action 403-001-01.*

Special Verdict Form, Section I.

Age of the Defendant:

*We, the jury, unanimously find that the government has established beyond a reasonable doubt that the defendant, Meier Jason Brown, was eighteen years of age or older at the time of the offenses.*

That is answered yes, and signed by the foreperson, Bruce Little.

Section II, Threshold Eligibility Factors:

Question 1:

*We, the jury, unanimously find that the government has established beyond a reasonable doubt that the defendant intentionally killed Sallie Louise Gaglia.*

That is answered yes.

Question 2:

*We, the jury, unanimously find that the government has established beyond a reasonable doubt that the defendant intentionally inflicted serious bodily injuries which resulted in the death of Sallie Louise Gaglia.*

That is answered yes.

Question 3:

*We, the jury, unanimously find that the government has established beyond a reasonable doubt that the defendant intentionally participated in one or more acts contemplating that a life would be taken or intending that lethal force would be used and Sallie Louise Gaglia died as a direct result of the act.*

That is answered yes.

Question 4:

*We, the jury, unanimously find that the*

*government has established beyond a reasonable doubt that the defendant intentionally and specifically engaged in an act of violence, knowing that act created a grave risk of death such that the participation in the act constituted a reckless disregard for human life, and Sallie Louise Gaglia died as a direct result of that act.*

That is answered yes, signed by the Foreperson, Mr. Bruce Little.

Section III, *Statutory Aggravating Factors:*

Question 1:

*We, the jury, unanimously find that the government has established beyond a reasonable doubt that the defendant committed the offenses in an especially heinous, cruel, and depraved manner in that they involved serious physical abuse to Sallie Louise Gaglia.*

That is answered yes.

Question 2:

*We, the jury, unanimously find that the government has established beyond a reasonable doubt that the defendant committed the offense in the expectation of the receipt of anything of pecuniary value.*

That is answered yes and signed by the foreperson, Mr. Bruce Little.

Section IV, Non-Statutory Aggravating Factors:

Question 1:

*We, the jury, unanimously find that the government has established beyond a reasonable doubt that the defendant caused injury, harm, and loss to Sallie Louise Gaglia and to her family and that this factor tends to support the imposition of the death penalty.*

That is answered yes.

*We, the jury, unanimously find that the government has established beyond a reasonable doubt that the manner of the defendant's commission of the offense was intended to reduce the likelihood of detection of the defendant's involvement in the underlying federal robbery offense, and in the assault on the victim, Sallie Louise Gaglia, and this factor tends to support the imposition of a death penalty.*

That is answered yes.

*We, the jury, unanimously find that the government has established beyond a reasonable doubt that the victim, Sallie Louise Gaglia,*

*was an employee of the United States Postal Service, and was killed while she was engaged in the performance of her official duty, and that this factor tends to support imposition of the death penalty.*

That is answered yes.

*We, the jury unanimously find that the government has established beyond a reasonable doubt that the defendant has committed an array of other criminal acts, some but not all of which have resulted in convictions and that this factor tends to support the imposition of the death penalty.*

That is likewise answered yes.

*We, the jury, unanimously find that the government has established beyond a reasonable doubt that repeated prior efforts to rehabilitate and to deter the defendant from criminal conduct have failed and that this factor tends to support the imposition of the death penalty.*

That is answered yes and signed by the foreperson, Mr. Bruce Little.

Section IV, Recommendation.

*Based upon consideration of whether the*

*aggravating factors found to exist sufficiently outweigh any mitigating factors found to exist, or in the absence of any mitigating factors, whether the aggravating factors are themselves sufficient to justify a sentence of death, and whether death therefore is the appropriate sentence in this case, we, the jury, recommend by unanimous vote, that the sentence of death be imposed.*

That is answered yes.

*So, say we all.  Bruce Little, Foreman, this 7th day of November, 2003 at Savannah, Georgia.*

Section VII, Certification has been signed, Your Honor, by each and every one of the members.

THE COURT:  Now ask each person if they signed it.

CLERK:  Yes, sir.

Ladies and gentlemen, as I call your name, would you please stand and answer questions.

Mr. Little, is the verdict as read and published still your verdict?

JUROR:  Yes, sir.

CLERK:  Was it freely and voluntarily made?

JUROR:  Yes, sir.

CLERK:  Did you voluntarily sign the certification called for in Section VII of the Special Verdict Form?

JUROR:  Yes, I did.

CLERK:  Thank you, sir.

Mr. Capers, is the verdict as read and published still your verdict?

JUROR:  Yes, sir.

CLERK:  Was it freely and voluntarily made?

JUROR:  Yes, sir.

CLERK:  Did you voluntarily sign the certification called for in Section VII of the Special Verdict Form?

JUROR:  Yes, sir.

CLERK:  Thank you, sir.

Ms. Cota, is the verdict as read and published still your verdict?

JUROR:  Yes, sir.

CLERK:  Was it freely and voluntarily made?

JUROR:  Yes, sir.

CLERK:  Did you voluntarily sign the certification called for in Section VII of the Special Verdict Form?

JUROR:  I did.

CLERK:  Thank you, Ma'am.

Ms. Colson, is the verdict as read and published still your verdict?

JUROR:  Yes, sir.

CLERK:  Was it freely and voluntarily made?

JUROR:  Yes, sir.

CLERK:  Did you voluntarily sign the certification called for by Section VII of the Special Verdict Form?

JUROR:  Yes, sir.

CLERK:  Thank you, Ma'am.

Ms. McClinton, is the verdict as read and published still your verdict?

JUROR:  Yes, sir.

CLERK:  Was it freely and voluntarily made?

JUROR:  Yes, sir.

CLERK:  Did you voluntarily sign the certification called for by Section VII of the Special Verdict Form?

JUROR:  Yes, sir.

CLERK:  Thank you, Ma'am.

Ms. Rentz, is the verdict as read and published still your verdict?

JUROR:  Yes.

CLERK:  Was it freely and voluntarily made?

JUROR:  Yes, sir.

CLERK:  Did you voluntarily sign the certification called for By Section VII of the Special Verdict Form?

JUROR:  Yes, sir.

CLERK:  Thank you.

Ms. Taylor, is the verdict as read and published still your verdict?

JUROR:  Yes, sir.

CLERK:  Was it freely and voluntarily made?

JUROR:  Yes, sir.

CLERK:  Did you voluntarily sign the certification called for by Section VII of the Special Verdict Form?

JUROR:  Yes, sir.

CLERK:  Thank you, Ma'am.

Mr. Cooper, is the verdict as read and published still your verdict?

JUROR:  Yes, sir.

CLERK:  Was it freely and voluntarily made?

JUROR:  Yes.

CLERK:  Did you voluntarily signed the certification called for by Section VII of the Special Verdict Form?

JUROR:  Yes, sir.

CLERK:  Thank you.  Ms. Taylor, is verdict as

read and published still your verdict?

JUROR:  Yes, sir.

CLERK:  Was it freely and voluntarily made?

JUROR:  Yes.

CLERK:  Did you voluntarily sign the certification called for by Section VII of the Special Verdict Form?

JUROR:  Yes, sir.

CLERK:  Thank you, Ma'am.

Ms. Brewer, is the verdict as read and published still your verdict?

JUROR:  Yes, sir.

CLERK:  Was it freely and voluntarily made?

JUROR:  Yes.

CLERK:  Did you voluntarily sign the certification called for by Section VII of the Special Verdict Form?

JUROR:  Yes.

CLERK:  Thank you, Ma'am.

Mr. Polese, is the verdict as read and published still your verdict?

JUROR:  Yes, sir.

CLERK:  Was it freely and voluntarily made?

JUROR:  Yes, sir.

CLERK:  Did you voluntarily sign the

certification called for by Section VII of the Special Verdict Form?

JUROR:  Yes, sir.

CLERK:  Thank you, sir.

Ms. Knight, is the verdict as read and published still your verdict?

JUROR:  Yes, sir.

CLERK:  Was it freely and voluntarily made?

JUROR:  Yes, sir.

CLERK:  Did you voluntarily signed the certification called for by Section VII of the Special Verdict Form?

JUROR:  Yes, sir.

CLERK:  Thank you, Ma'am.

THE COURT:  So say you all.  Ladies and gentlemen, the marshal will take you into the jury room. I want to meet with you for just a minute.

We will resume the proceeding here in about fifteen minutes.

MARSHAL:  All rise.

*[NOTE:  Brief recess.]*

MARSHAL:  Court is back in session.  Be seated and come to order.

THE COURT:  Mr. Darden, if you and Mr. Bell, and your client will come up to the lectern, I will proceed.

Mr. Brown, you were present when the jury returned the verdict.

Do you have the verdict?

CLERK: Yes, I do, Your Honor.

THE COURT: The jury found unanimously on November 7th, the year 2003 in the Southern District of Georgia, Savannah Division, you guilty of Counts 1, 2, and 3 of the superseding indictment charging you with murder within the federal jurisdiction in violation of Title 18 of the United States Code, Section 1111(a) and (b), murder of a federal employee in violation of 18 U.S.C., Section 1114, and robbery of a federal property in violation of Title 18 of the United States Code, Section 2114(a).

After the jury's verdict, and the determination as to appropriate sentence, the Court is not given -- as I said at the outset, the jury fixes the sentence. Therefore, I conclude that the preparation of a Presentence Investigation Report is unnecessary, and that the guideline calculations need only be set forth as to Count 3, that is the federal robbery or a robbery of federal property.

The Court determination that the applicable guidelines as to Count 3 are a Total Offense Level 43, a Criminal History Category of V, indicating 300 months imprisonment, three to five years of supervised release,

25,000 to $250,000 fine, $1,175 restitution, and $300 special assessment as to all counts.

Now, this is the sentence. The verdict of the jury becomes the judgment of the Court.

Pursuant to the Sentencing Reform Act of 1984, and 18 U.S.C. 3591, it is the judgment of the Court that you, the defendant, Meier Jason Brown, is hereby sentenced to death as to Count 1 and 2.

Further, and as a matter of law, the Court must impose a custodial sentence as to Count 3. And that sentence shall be 300 months to be served concurrently with Counts 1 and 2.

The Court finds no reason to depart from the statutorily required sentence. Restitution is due in the amount of $1,175 to be United States Postal Service.

You have no ability to pay a fine, and the Court is not going to impose one. However, the special assessment to the United States of $100 as to each count or a total of $300 is mandatory. And the Court has no control over waiving that.

A 5-year term of supervised release is imposed in the event the conviction as to Count 1 and 2 are overturned.

Now, the defendant is committed to the custody of the Attorney General until all exhaustion of the

procedures for appeal of the judgment of conviction and review of the sentence.

When the sentence of execution is to be implemented, the defendant shall be release to the custody of the United States Marshal, who shall supervise implementation of the sentence in the manner proscribed by the law of Georgia.

You have seven days within which to file a motion for new trial, and ten days from the date of sentencing in which to file a notice of appeal.

Now, an appeal may be consolidated with an appeal of the judgment of conviction and shall have priority over all other cases pursuant to 18 U.S.C., Section 3595.

You are also advised, of course, that you are entitled to the assistance of lawyers in taking in an appeal.

Mr. Darden and Mr. Bell will continue to represent you pursuant to the rules of this Court and the Eleventh Circuit Court of Appeals.  Or, if you so request, the Clerk of Court will prepare and file and notice of appeal on your behalf.

The continuation of in *forma pauperis* status is approved by the Court without need of any special pleading or petition.

Is there anything from the defendant or counsel?

DEFENDANT:  No, sir, there is nothing I want to say.

THE COURT:  Mr. Darden and Mr. Bell, I say and reaffirm what I said on yesterday.  I know this is a moment that you have not wanted to face.  But I think you have done excellent work in the representation of Mr. Brown from the outset.  And I'm sure you will continue in that work.

Is there anything else from the government?

MR. FRENTZEN:  No, Your Honor.

THE COURT:  Is there anything else from the defendant or counsel?

MR. DARDEN:  No, Your Honor.

THE COURT:  The defendant is remanded to the custody of the marshal.

We will be in recess.

MARSHAL:  All rise.

*Trial concluded.*

GEORGIA

CHATHAM COUNTY


CERTIFICATE OF REPORTER


I, Lora H. Carter, do hereby certify that the above and foregoing pages of typewritten matter is a true, correct, and complete transcript of the evidence and proceedings in the captioned matter.


This the 10th day of January, 20004.



LORA H. CARTER
U.S. Court Reporter
Southern District of Georgia


P. O. Box 8552
Savannah, GA  31412
(912) 650-4065


.