accordance with the provisions of the Bail Reform Act, 18 U.S.C. §§ 3141(b), 3143. If a new bond is set, the defendant shall be presented to a magistrate judge for approval of surety.

**B. Remittiturs.**

(1) *Judgment Affirmed or Appeal Dismissed.* When a judgment of conviction in a criminal case has been affirmed on appeal or the appeal dismissed, the clerk shall immediately upon receipt file the remittitur from the appellate court. The clerk shall also send certified copies of the remittiturs, judgment, and commitment to the United States Marshal for this district and notify counsel of record and/or the parties that the remittitur has been filed.

(2) *Judgment Modified, Vacated, or Reversed.* When the judgment of this court has been modified, vacated, or reversed on appeal, the clerk shall immediately present a proposed order to the court making the remittitur the judgment of this court and shall notify counsel and/or the parties of the entry of said order and that they are required to prepare and present promptly to the court any such further orders as may be required.

(3) *28 U.S.C. § 2255 Petitions.* Upon receipt of a remittitur from the appellate court either denying or granting a defendant's petition under 28 U.S.C. § 2255, the clerk shall immediately file the remittitur and follow the appropriate procedure set forth in (1) or (2) above.

**C. Revocation of Appeal Bond.** When a convicted defendant is released on an appeal bond and the judgment of conviction is either affirmed or the appeal dismissed by the appellate court, the clerk shall immediately file the remittitur or notice of dismissal of appeal and shall promptly notify defendant, counsel for the defendant, and the sureties of the defendant's bonds of such affirmance or dismissal by registered or certified mail to their last known address. The clerk shall also mail a copy of such notice to the United States Attorney, the United States Marshal, and the United States Probation Officer, if appropriate.

The notice shall direct the defendant to report to the United States Marshal in Atlanta, Georgia, at a time certain on the tenth (10th) day following the date of the notice in order that the defendant may be committed into custody to abide the sentence imposed. When the tenth (10th) day falls on Saturday or Sunday, the date of the following Monday shall be used. When the tenth (10th) day falls on a holiday, the date of the following day shall be used.

When the commitment order specifies that the defendant is allowed to surrender voluntarily, the notice shall direct the defendant to report to the designated institution upon notification by the United States Marshal.

Upon failure of the defendant to report as directed, the United States Marshal shall report the failure to the United States Attorney, and the bond of the defendant shall become subject to forfeiture without further notice.

**D. Revocation of Bond Upon Denial of 28 U.S.C. § 2255 Petition.** Defendants released on bond whose 28 U.S.C. § 2255 petitions are denied by the appellate court are subject to the provisions of LCrR 46.2A.

[Effective April 15, 1997.]

## LCrR 47.   JUROR CONTACT

### LCrR 47.3.   RESTRICTED CONTACT WITH JURORS

During trial or after the conclusion of a trial, no party, agent or attorney shall communicate with any members of the petit jury, including alternate or excused jurors, before which the case was tried without first receiving permission of the court.

[Effective July 15, 2004.]

## LCrR 48.   DISMISSAL

### LCrR 48.1.   PROCEDURE UPON ABANDONMENT OF PROSECUTION

When the government abandons prosecution of a defendant being held for trial in this district, the appropriate official shall immediately notify the clerk and U.S. Marshal for this court, in writing, that prosecution has been abandoned.

[Effective April 15, 1997.]

## LCrR 50.   CALENDARS; PLAN FOR PROMPT DISPOSITION

### LCrR 50.1.   CRIMINAL CALENDARS

The criminal calendars of this court shall be processed in accordance with the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161–74, and in accordance with the "Plan for Achieving Prompt Disposition of Criminal Cases" (Appendix C), provided, however, that the Speedy Trial Act shall supersede any conflicting provisions contained within the "Plan".

[Effective April 15, 1997.]