IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
S...

OCT -7 2015

CLERK _____

S.J. DIST. OF GA

MEIER JASON BROWN,

      Petitioner,

vs.                                                                     Case No: CR403-01

UNITED STATES OF AMERICA,

      Respondent.

_____

MOTION FOR THE APPOINTMENT FOR INDEPENDENT COUNSEL TO BE APPOINTED

IN ORDER FOR THE PETITIONER TO INVESTIGATE AND PURSUE CLAIMS UNDER

MARTINEZ/TREVINO AS MANDATED UNDER WELL ESTABLISHE LAW

The Petitioner, Meier Jason Brown, hereafter "Brown", acting pro se herein request that the Court appoint him independent counsel(s) in order for him to investigate and pursue claims pursuant to the Supreme Court's holdings in Martinez v. Ryan, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), and Trevino v. Thaler, ____ U.S. ____, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013). In support of Brown's request for independent counsel to be appointed he states the following:

Facts Germane To Case Procedural Status:

1.     In this capital case, Brown was convicted in the United States District Court for the District of Georgia by a jury finding him guilty of 1) murder within the territorial jurisdiction of the United States, in violation of 18 U.S.C. § 1111; 2) murder of a federal employee (postal worker), in violation of 18 U.S.C. § 1114; and 3) robbery of federal property ($1175) in postal money orders), in violation of 18 U.S.C. § 2114. The jury recommended that Brown should be sentenced to death for the murder conviction, and the judge imposed a death sentence, along with 300 months in prison for the robbery. Thereafter' Brown sought appellate review of said conviction and death sentence by the Eleventh Circuit Court of Appeals which affirmed the same in all respects. See United States v. Meier Jason Brown, 441 F.3d 1330 (11th Cir. 2006). Thereafter, the Supreme Court denied Brown's Petition of Certiorari. Brown v. United States, 127 S.Ct. 1146 (U.S. 2007). Thereafter' Brown timely sought collateral proceedings attacking such convictions and death sentence setting forth various post conviction arguments which were denied by both

1.

the United States District Court for the Southern District of Georgia, as well as the Court of Appeals for the Eleventh Circuit. Thereafter, Brown sought and was denied review by the Supreme Court, denying his Petition for Certiorari.

2.  Since the Supreme Court denied Brown's Certiorari Petition he has made diligent and sedulous efforts to obtain 'Independent Counsel' in order to investigate and pursue potential claims under Martinez. Despite these efforts presented to both Brown's appointed habeas counsel, as well as Ruth Friedman/Federal Resource Counsel they have deterred and thwarted such efforts over a protracted period of several months. Brown ultimately delineated and enumerated these issues of deterrent to Ruth Friedman via the assistance of another death row prisoner' who aided Brown with correspondence sent to Ms. Friedman. See Appendix (A)/hereto attached. In response to that correspondence Ms. Friedman after much tap-dancing admits that Brown is entitled to such appointment of 'Independent Counsel', but that such location of such counsel will require a massive undertaking of time and efforts. Which of course is detrimental to Brown timely investigating, preparing and filing a Martinez styled petition. Brown responsed to Ms. Friedman's equivocation of issues addressed through her September 10th, 2015 Response, which is attached hereto and marked as Appendix (B), although Ms. Friedman has not returned him a copy of such correspondence. Ms. Friedman has adamantly refused to speak with Brown anent the issues presented through his August 31st., 2015 correspondence to her and in-lieu of continues to defer such issues to Brown's appointed habeas counsel(s).

3.  In a recent call Brown shared with the lead habeas-attorney in his capital proceedings, Mr. Jeffrey Ertel/Federal Defender Program/Atlanta, Georgia, Mr. Ertel advised Brown during such phone call that, "you are not entitled to independent counsel to investigate and pursue potential Martinez Claims because the Supreme Court in Martinez clarified that such procedural default claims only dealt with 'direct appeal issues'." When Brown advised Mr. Ertel that the case law that he had reviewed clarified that the Supreme Court holding dealt with trial counsel's procedural default issues with a combined layer of habeas counsel's ineffectiveness to address such trial counsel's ineffectiveness for failure to present such errors of law. Further' Brown advised Mr. Ertel that case law brought to bear that enormous conflict of interest that would infect appointed habeas counsel from reviewing themselves in their representation of a defendant for investigating and pursuing potential Martinez claims. Mr. Ertel reiterated again to Brown that he was not comprehending the Supreme Court's holding in Martinez, because Martinez dealt solely with direct appeal default claims having absolutely no bearing on his contending representation to investigate potential Martinez claims.

Independent Counsel Must Be Appointed To Investigation And Pursue Potential Martinez Claims

4.  Brown is entitled to the appointment of independent counsel under the holding of the United States Supreme Court decision in Martinez v. Ryan, supra, whereas a reasonable interpreta-

2.

tion of the holding in Martinez is, that Brown is entitled to counsel who will vigorously examine and pursue any potential claims of ineffective assistance by those very counsel who represented him in his habeas proceedings. See Fowler v. Joyner, 753 F.3d 446, 450 (4th Cir. 2014); Juniper v. Davis, 737 F.3d 288, 290 (4th Cir. 2013). These cases have clarified that Brown is entitled to independent counsel in order to investigate and pursue claims under Martinez, particularly seen that it would be professionally awkward and unethical for a habeas counsel to argue their own ineffectiveness for bringing potential Martinez claims to bear. See Riner v. Owens, 746 F.3d 1253, 1257 (7th Cir. 1985). The Supreme Court clarified this issue once and for all that a defendant, especially a capital defendant is entitled to independent counsel to investigate and pursue potential Martinez Claims, as well brought to bear that such petition must be filed in a timely manner. See Christeson v. Roper, 135 S.Ct. 891, 190 L.Ed.2d 763 (2015). The Fifth Circuit Court of Appeals has held, as the Fourth Circuit has that a capital defendant is entitled to independent counsel to investigate and pursue potential Martinez claims. See Mendoza v. Stephens, 783 F.3d 203 (5th Cir. 2015); see also Tabler v. Stephens, 2014 U.S.App.LEXIS 18968 (5th Cir. 2014).

Based on the plethora of authority supporting Brown's request that the Court appoint him independent counsel to investigate and pursue potential Martinez claims, Brown thereby request that the Court grant such request and provide such appointment of independent counsel for such investigation and preparation of potential Martinez claims.

Dated: September 29th, 2015

RESPECTFULLY SUBMITTED,

Meier Jason Brown #11364-021
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Petitioner Pro Se

Declaration Under Penalty Of Perjury

The undersigned does attest under pains of perjury pursuant to 28 U.S.C. §1746 that the foregoing is true and correct to the best of his knowledge and beliefs. Executed on this 29th day of September, 2015.

Meier Jason Brown/declarant

3.

Certificate Of Service

This is to certify that I served the below party with a true and correct copy of the foregoing Motion for appointment for independent counsel  via United States Mail with sufficient first class postage attached and addressed to, on this 29th day of September, 2015:

Will Frentzen
United States Attorney
100 Bull Street, 2nd Floor
Savannah, Georgia 31401

Meier Jason Brown/declarant

4.

United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808





LEGAL   MAIL

LEGAL   MAIL

Att: U.S.District Court 'Clerk'

Tomochichi United States Courthouse
125 Bull Street, 3rd Floor
P.O. Box 31402
Savannah, GA 31402