# FEDERAL CAPITAL HABEAS PROJECT

JAMES WYDA
FEDERAL PUBLIC DEFENDER

RUTH E. FRIEDMAN
DIRECTOR, FEDERAL CAPITAL HABEAS PROJECT

September 10, 2015

Mr. Meier Brown
No. 11364-021
U.S. Penitentiary SCU-FCC
P.O. Box 33
Terre Haute, IN  47808

Dear Mr. Brown,

I was disturbed to receive your letter yesterday but I am very glad that you wrote.  First, I want to clear up any misunderstandings about my not calling you. I would be very happy to speak with you: it is a treat and a privilege to hear from and sometimes get to visit with the men at Terre Haute.  But, as I explain any time someone asks for a call or a visit, I must check first with their counsel.  I am ethically bound to do so: it is improper for a lawyer to speak to a client who is represented by someone else. And, if we interfere with an attorney/client relationship, the lawyer may never work with us again which may mean that his client loses out on needed help.  So whenever someone asks for a phone call or a visit I immediately reach out to his attorney, as I did here.  Usually the lawyer says it's fine; sometimes he wants to touch base with his client first to find out if there is a problem he should address; rarely, but on occasion, they flatly say no.  Here your lawyers said they wanted to talk to you first, and I had to respect that.

I understand that this creates a problem when there are conflicts with the attorney.  In other cases where that has happened we have managed to figure out a solution, though it sometimes takes a little time.  We never ignore those situations.

As I'm sure you can understand, I can't discuss why and how we obtained new counsel for others such as Mr. Purkey, but I can tell you that we have not been selectively seeking "*Martinez* counsel" for some people and not others. The *Martinez* and *Trevino* cases definitely present a great opportunity -- and a challenge -- for many of the guys on the row, and it is one my colleagues and I have given a lot of thought to.  There is considerable difference of opinion about how and when to raise these issues, especially for those who have already been denied cert at the Supreme Court.  There are also tricky questions about how to raise a *Martinez/Trevino* claim in the federal rather than the state system from which those cases arose.

One of these challenges, as you may already know, is that there are not a lot of lawyers out there who know how to litigate these habeas issues and also have the resources to do so properly. Finding lawyers to take on these cases is difficult. That is not fair to any of you, it is wrong, but as is true of so much of this system, it is the reality.

I have reached out again to your lawyers and am eager to talk to them. I would like to do whatever we can to help you. I understand that you are deeply concerned about your situation, and I hope this clarifies our role somewhat. I promise we will not forget you.

Sincerely,

Ruth E. Friedman