IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA       *

      v.                     *       CR 403-001

MEIER JASON BROWN          *

## O R D E R

On November 6, 2003, a federal jury convicted Defendant Meier Jason Brown of robbing and murdering a federal employee. Brown was sentenced to death. On March 13, 2006, the conviction and sentence was affirmed by the Eleventh Circuit Court of Appeals.

On January 22, 2008, Brown filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. The motion was ultimately denied, and the Eleventh Circuit affirmed the decision on July 10, 2013.

On October 7, 2015, Brown filed a "Motion for the Appointment of Independent Counsel." Brown claims he is entitled to such appointment under Martinez v. Ryan, --- U.S. ---, 132 S. Ct. 1309 (2012). (See Doc. 406, at 2-3 ("[A] reasonable interpretation of the holding in Martinez is[] that Brown is entitled to counsel who will vigorously examine and pursue any potential claims of ineffective assistance by those very counsel who represented him in habeas proceedings.").) Martinez made no such provision. Rather, the Martinez Court

announced a narrow, equitable, and non-constitutional exception to the general rule that ineffective assistance of collateral counsel cannot serve as cause to excuse a procedural default. That is to say, under certain circumstances, a prisoner may have "cause" to excuse the procedural default of an ineffective assistance of trial counsel claim.[1]

While Martinez does not afford Brown a right to counsel as he suggests, an indigent federal habeas corpus petitioner does have a mandatory statutory right to appointed counsel for any federal post-conviction proceeding. See 18 U.S.C. § 3599. The problem here is that Brown wishes to raise ineffective assistance of counsel claims, which are only cognizable under 28 U.S.C. § 2255, and he has already filed a § 2255 motion.[2] In order for him to bring another § 2255 motion, however, Brown must move the Eleventh Circuit Court of Appeals for an order authorizing this Court to consider a second or

---

[1] More specifically, the cause to excuse the procedural default of an ineffectiveness claim arises where "(1) a state requires a prisoner to raise ineffective-trial counsel claims at the initial-review stage of a state collateral proceeding; (2) the prisoner did not comply with state rules and failed properly to raise ineffective-trial-counsel claims in his state initial-review collateral proceeding; (3) the prisoner did not have counsel (or his appointed counsel was ineffective by not raising ineffective-trial counsel claims) in that initial-review collateral proceeding; and (4) failing to excuse the prisoner's procedural default would cause the prisoner to lose a 'substantial' ineffective-trial-counsel claim." Arthur v. Thomas, 739 F.3d 611, 629 (11th Cir. 2014).

[2] Of note, Brown was appointed counsel in the first § 2255 proceeding.

successive § 2255 motion. <u>See</u> 28 U.S.C. §§ 2255, 2244(b)(3). Until Brown acquires the necessary authorization to bring a successive § 2255 motion from the Court of Appeals, this Court does not have jurisdiction to consider the merits of any motion alleging ineffective assistance of counsel claims, and concomitantly, cannot appoint counsel to pursue such claims. <u>See</u> <u>Hutchinson v. Crews</u>, 2013 WL 2903530 (N.D. Fla. 2013) (denying counsel under similar circumstances and concluding "[w]ere this Court to hold otherwise, every capital petitioner would be entitled to counsel as a matter of right to file an endless number of petitions seeking authorization from the Eleventh Circuit to file successive habeas petitions without limitation, an entitlement which is not consistent with AEDPA's restrictions on successive habeas petitions"). In sum, because Brown has not obtained the necessary authorization to proceed in this Court with a second and successive § 2255 motion, he is not entitled to appointed counsel in this Court. Upon the foregoing, Defendant's motion for appointment of independent counsel (doc. 406) is hereby **DENIED**.

  **ORDER ENTERED** at Augusta, Georgia, this _____ day of August, 2016.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3